Louis HRIBERNIK, John Myers, and August Myers, Plaintiffs-Appellants,

v.

REORGANIZED SCHOOL DISTRICT R-3 of Washington County, Missouri, a public corporation, Dr. T. A. Dempsey, Jesse D. Essmyer, L. H. Jarvis, Guy Nixon, Floyd Kennon and Marvin A. Boyer, constituting the Board of Education of Reorganized School District R-3 of Washington County, Missouri, a public corporation, Charles G. Turner, Clerk of the County Court of Washington County, Missouri, and W. J. Simmons, Collector of Revenue of Washington County, Missouri, Defendants-Respondents.

No. 29168.

St. Louis Court of Appeals.

Missouri.

March 15, 1955.

ing to defendant-respondent county clerk the results of a special tax-levy election, to enjoin defendant-respondent county clerk from extending such levy, and to enjoin defendant-respondent county collector from collecting any taxes computed on the same. It is contended that the election was void. The record does not disclose that a temporary injunction was applied for or issued. A permanent injunction was refused and the petition was dismissed. Plaintiffs ask this court to enter the decree the trial court denied.

Confronting us is a motion to dismiss this appeal on the ground that the cause has be-· come moot. It alleges that the total taxes levied in the school district amounted to $134,426.22 and that roughly 89 per cent of this amount, or $118,843.84, already has been collected by the county collector. These averments are supported by the collector's affidavit and they stand unquestioned by any controverting affidavit or other denial. We take them as true. Koch v. Board of Regents, etc., Mo.App., 265 S.W.2d 421, 425. The motion avers, and it is conceded, that two of the plaintiffs have paid their taxes. It is admitted that no taxes were assessed against the other plaintiff. Collection of these taxes required the board of education and the county officers made defendants to perform, as conditions prerequisite, all of the acts which plaintiffs seek to enjoin. Sections 165.080, 165.083, 165.093 RSMo 1949, V.A.M.S. Consequently we conclude, absent evidence to the contrary, and there is none, that (1) the board of education duly certified the election results to the county clerk, (2) the county clerk duly extended the levy, and (3) the county collector duly proceeded with these prior actions as his authority. This court adopted and acted on analogous conclusions in a case almost identical with this one. Hurtgen v. Gasche, Mo.App., 227 S.W.2d 494, 497[1].

Plaintiffs ask us to enter an order enjoining the performance of acts which have already been performed. We have no authority to employ an injunction to annul or revoke actions of defendants already

---

Not to be reported in State Reports.

Ziercher & Tzinberg, Erwin Tzinberg, Clayton, H. L. C. Weier, Hillsboro, for appellants.

Samuel Richeson, Robert L. Carr, Potosi, for respondents.

SAM C. BLAIR, Special Judge.

Injunction. Plaintiffs-appellants, three taxpayers, seek to enjoin defendants-respondents, a school district and the members of its board of education, from certify-

accomplished. Rights already lost to plaintiffs and the wrongs of which they complain are misfortunes which we are powerless to correct with this proceeding as an instrument. To adjudge this appeal and enter the decree they ask would be a useless and unavailing procedure. For an order to defendants to refrain from certifying and assessing these taxes, and from collecting those assessed against plaintiffs, all actions long since accomplished, would be a command defendants could not possibly obey. Corken v. Workman, 231 Mo.App. 121, 125, 98 S.W.2d 153, 155; Fugel v. Becker, Mo. Sup., 2 S.W.2d 743, 744.

■ This cause has become moot. It is of no consequence that it may have become moot pending appeal. What we have observed renders it just as much moot as if the suit had been moot from the beginning. Koch v. Board of Regents, etc., supra, 265 S.W.2d 424; State ex rel. Myers v. Shinnick, Mo.Sup., 19 S.W.2d 676, 678.

■ The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. Courts are not organized to engage in the barren formality of determining whether relief might have been granted if the case were not moot. They do not sit merely to vindicate the rectitude of the theories of parties who originate litigation or to furnish them with advisory opinions on abstract or moot questions. State ex rel. Myers v. Shinnick, supra, 19 S.W.2d 678; Koch v. Board of Regents, etc., supra, 265 S.W.2d 424; Fugel v. Becker, supra, 2 S.W.2d 746. An injunction was sought by taxpayers in Hurtgen v. Gasche, supra, 227 S.W.2d 496–499, to reach the same objectives for which this suit was brought. It was concluded that the tax levy had been certified, extended, and collected, and the decision stated: "Neither court orders, nor injunctions, nor any human agency can prevent the happening of things that have already occurred." Faced with the "utter futility of attempting to restrain acts that have already occurred," and placing principal reliance on Fugel v. Becker, supra, 2 S.W.2d 743, this court ruled that the cause was moot and dismissed the appeal.

■ Other reasons force the conclusion that this cause is moot. One plaintiff who owed and paid no taxes never had a justiciable interest in this controversy and he had no right to join in this suit. The two remaining plaintiffs paid their taxes during the pendency of this proceeding. What justiciable interest they originally had they have lost by making payment. Persons who would be parties to a suit must have some actual and justiciable interest susceptible of protection by that suit. Garrison v. Schmicke, 354 Mo. 1185, 1187, 193 S.W.2d 614, 615[3]; 67 C.J.S., Parties, § 6; 39 Am. Jur., Parties, §§ 9, 10, 13. These plaintiffs now have none which could be protected by the decree they seek. For any decree ordering the county collector to refrain from collecting from them the taxes they already have paid would be an absurdity and futile. We acknowledge that they might welcome it as vindication of their legal theories, but such vindication alone we are powerless to grant.

■■ Plaintiffs suggest that we ought to decide this controversy notwithstanding their own claims are moot. They characterize it as a taxpayers' class suit and describe themselves as representatives of the class. They argue they have a right to carry it on and to represent the taxpayers whose taxes remain uncollected, 11 per cent of the class. But they cannot represent those absent taxpayers because they themselves have no justiciable interest to support the decision they ask us to make. This court ruled in Missouri Veterinary Medical Ass'n v. Glisan, Mo. App., 230 S.W.2d 169, 172: "Class actions should be brought by a party or the parties having a right to relief, for the benefit of themselves and others so situated. No facts are alleged that indicate the plaintiff itself suffered in any way by reason of the defendant's practice, and since plaintiff was entitled to no relief it could not bring an action for the benefit of others." Cf. 39 Am.Jur., Parties, § 47; 67 C.J.S., Parties, § 13b.

Furthermore, the applicable statute, Section 507.070 RSMo 1949, V.A.M.S., and 42 V.A.M.S. Supreme Court Rule 3.07, clearly discountenance this controversy as a class

suit. The petition alleges, and the answer denies, that plaintiffs, apart from suing individually, bring this suit "as representatives of a class, the class being all other qualified voters, property owners and tax-paying citizens of said school district similarly situated, that the number of interested persons is so great that they cannot be joined herein." These are the only averments relating to the claim that this is a class suit.

Supreme Court Rule 3.07 provides: "Whenever an action is instituted by one or more plaintiffs as representative or representatives of a class * * *, the petition *shall* allege such facts as *shall* show that they * * * have been fairly chosen and adequately and fairly represent the whole class. The plaintiff *shall* be required to prove such allegations, unless all of the members of the class have entered their appearance, and it *shall not* be sufficient to prove such facts by the admission or admissions of the defendants who have entered their appearance. * * : * No class suit shall be maintained under Section 19(a)(3) [V.A.M.S. § 507.070] unless the judgment or decree will be binding upon all members of the class."

Those whom plaintiffs desire to bind have not entered their appearance. Our duty is to protect absent parties in suits of this sort. Plaintiffs do not even undertake to allege or to prove facts showing they were "fairly chosen," or chosen at all, and that they "adequately and fairly represent the whole class." How they were chosen, if indeed they were chosen, or why they might adequately and fairly represent the class is left for us to ponder. The requirements of the supreme court rule cannot be regarded as merely technical or directory. They are mandatory. Campbell v. Webb,

363 Mo. 1192, 1199, 258 S.W.2d 595, 599. They reveal the court's solicitude for the constitutionality of Section 507.070 by requiring that the elements of due process be accorded to all absent persons whom others who sue would bind as a class. Doubtless the rule was formulated and adopted to achieve consistency with the philosophy announced in Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741, which demonstrates that Art. XIV, U.S. Constitution, forbids suitors to bind members of a class unless it is made apparent by the procedure followed that they fairly and adequately represent that class. Cf. 39 Am. Jur., Parties, § 48.

This proceeding appeals to us as a classic instance where suitors should not be accepted, but firmly rejected, as representatives of a class. These plaintiffs do not qualify as such representatives. They do not present the credentials prescribed by the statute and the rule. Moreover, they have no actual or justiciable interest in this controversy and no prospect of gaining any relief for themselves. We assume their motives are the highest. But class suits can be maintained only by those whose interests are real and susceptible of some relief and whose clear motives of self-interest assure that they will fairly represent the class and contend for the merits with real earnestness and force.

For these reasons, we hold that this cause, so far as it relates to plaintiffs individually, is abstract and moot, and that they are not shown to be qualified to represent the members of the class this suit is calculated to bind. The appeal must be dismissed.

It is so ordered.

ANDERSON, P. J., and BAILEY, Special Judge, concur.