**D. E. WATERMAN et al., Plaintiffs-Respondents,**

v.

**CITY OF INDEPENDENCE, Missouri, et al., Defendants-Appellants.**

**No. 25111.**

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

James S. Cottingham, City Counselor, Thomas D. Cochran, Asst. City Counselor, Independence, for appellants.

Charles C. Shafer, Jr., Kansas City, for respondents.

SHANGLER, Judge.

In its original form, plaintiffs, D. E. Waterman and Lewis L. Castle, alleged to be residents, taxpayers and registered electors of Independence, Missouri, filed their First Amended Petition in two counts, as representatives of that class, against the City of Independence · and William R. Moore, colorably, its Acting City Manager. The remedial objectives of the petition were that of a declaratory judgment decreeing the "rights, duties, privileges and obligations of the parties" under the charter and ordinance of Independence and the laws of Missouri, and, as well, for an injunction to prevent, among other things, defendant Moore from compounding the illegality of his assumption of office by the continued discharge of its functions.

This dispute was brought to pass by the conjunction of certain Charter provisions relating to the selection of an Acting City Manager and the actions of a City Council of seven persons, deeply cleft as to purpose. On April 30, 1968, Ordinance No. 1755 came up for vote. It undertook to appoint defendant Moore the Acting City Manager (thereby terminating the tenure of then Acting City Manager Keith Wilson, Jr.). Four among the council voted for adoption, and three against. Mayor Donald M. Slusher, as presiding officer of the council, (presumably having voted against the ordinance) declared the ordinance invalid as it had not received five affirmative votes. This ruling was appealed and the Chair was overruled. Thereafter, on May 2, 1968, as authorized by the Charter, a special meeting of the council was held pursuant to a call by the regnant four and was attended by them only. Two resolutions, Nos. 268 and 269 were adopted by them. They dealt respec-

tively, with the suspension of Mr. Wilson as Acting City Manager and with the appointment of defendant Moore as successor Acting City Manager. Thereupon, defendant Moore was sworn in as Acting City Manager.

Section 3.1 of the Charter required five affirmative councilmanic votes for the appointment of a City Manager. Section 3.2 of the Charter provided for the appointment by the Council of an Acting City Manager but is silent as to the number of votes required to accomplish it. The two essential issues raised by the First Amended Petition and the pleadings responsive thereto, therefore, were: (1) What minimum number of councilmanic votes were required under the Charter of the City of Independence in order to appoint defendant Moore Acting City Manager, and (2) Was that appointment effected by the adoption of Resolution 269, or was it necessary to adopt an ordinance to that purpose? Such were the issues fairly raised by the pleadings prior to the trial, itself.

On the day of trial, however, plaintiffs, in effect, amended Count II of their petition (although the court deemed it a dismissal of that Count) as to delete from it "any and all requests for injunctive relief". Moreover, it is evident from the colloquy between the court and counsel for plaintiffs that plaintiffs intended thereby "to amend out any question to the color of title to (Moore's) office". With the pleadings and issues thus truncated, evidence was heard by the court. At its conclusion, the court invited counsel to suggest the scope of the declaration sought, as there appeared to be, understandably, some uncertainty as to the issues remaining for determination. Diffidently, counsel for plaintiffs informed the court: "We basically, are trying to establish legislative procedure, Your Honor, for appointments here, for the edification of this council in the future, if it may move freely by resolution when it can't do it by ordinance; and that's the sum and substance of this case." Responsive thereto, the court entered its judgment and declaration:

"(W)e find that the Council may appoint an Acting City Manager under the circumstances detailed in 3.2 by a vote of at least five (5) members of the Council." Defendants appeal from that judgment. It is to be noted that counsel's statement does not describe and the court's judgment does not resolve any alleged dispute between plaintiffs and defendants, and particularly, defendant Moore.

When this appeal was argued, defendants' counsel acknowledged frankly that defendant Moore had since terminated his position with the city as its Acting City Manager. We have concluded that the pleadings, thus reduced, and the evidence received thereupon, raised no justiciable controversy and proved none, and, cognately, could a justiciable controversy be said to have existed, it had become moot by the termination of defendant Moore's tenure as Acting City Manager. Accordingly, we are required to annul the trial court's decree and declaration and dismiss this appeal.

Among the points of alleged error raised by appellants, one relates to the court's implicit finding that plaintiffs were fairly chosen and adequately and fairly represented the whole class as contemplated by Civil Rule 52.09, V.A.M.R. and Section 507.070, RSMo, 1959, V.A.M.S. We do not reach that point. Neither do we consider whether, as argued by defendants before and during the trial but not on this appeal, as the essence of plaintiff's action was the trial of title to public office, the exclusive remedy therefor was by an information in the nature of a *quo warranto* and not by declaratory judgment. See: Civil Rule 98.01; 39 Am.Jur., Parties, p. 863,4; Bogess v. Pence, Mo., 321 S.W.2d 667, at 671. We merely observe that it is extremely doubtful plaintiffs succeeded in their design of "amending out" any question of the color of title to Moore's office. In any event, we do not decide that question but base our decision, as previously stated, upon the plaintiffs' failure to prove an existing justiciable controversy as to authorize relief by declaratory judgment, Section 527.010.

RSMo 1959, V.A.M.S. and also because this cause has been rendered moot.

■ "In testing whether or not there is a justiciable controversy within the purview of the declaratory judgment act, the facts alleged should be examined as to whether or not they show there is a substantial controversy between the parties *having actual adverse legal interests* and requiring judicial action to warrant issuance of a declaratory judgment." (Emphasis added.) Anderson, Declaratory Judgments, Second Edition, Vol. 1, 1959 Supp., p. 17; 22 Am. Jur.2d Declaratory Judgments, p. 849; 26 C.J.S. Declaratory Judgments § 24, p. 94. Such a controversy must be between interested persons and must relate to an accrued, not supposititious, state of facts. It must "(admit) of specific relief by way of a decree or judgment conclusive in character and determinative of the issues involved". City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411, at 413; Contracting Plumbers Ass'n v. City of St. Louis, Mo.App., 249 S.W.2d 502, at 505. Moreover, and what is most relevant to our inquiry, the plaintiff in such an action must have a legally protectable interest at stake. State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, at 176. The evidence discloses no such interest in plaintiffs.

■ Of the two plaintiffs, one, Lewis L. Castle neither testified nor, it seems fair to assume, attended the trial. The other plaintiff, Don E. Waterman, in response to the question put to him by his counsel: "What is your interest in this case?", described the disconcerting effect the councilmen's "hassling" had upon himself and his neighbors. He contended that these antics affected the value of his property, but did not explain how or to what extent. He alluded, as well, to "several points that (were) not clear in the City Charter". As to the defendant Moore, himself, and the public office he was occupying, plaintiff Waterman displayed an almost Olympian indifference. He had no "personal interest in the individual acting as City Manager", did not challenge his legal right to occupy that office, nor in any manner suggest that their interests were adverse or in contention. All of plaintiffs' evidence confirmed what their counsel's statement to the court disclosed—the judgment they sought was an advisory opinion as to the meaning of certain Charter provisions, wholly unrelated to any existing dispute between the parties or to the assertion of any legal rights or declaration of legal duties. Rather, in the words of plaintiffs' counsel, the court's judgment was sought "to establish legislative procedure * * * for the edification of this council in the future * * *". The question presented obviously related to an hypothetical future dispute. The pleadings, in their ultimate form, and the evidence received thereupon did not relate to any existing dispute between plaintiffs and defendants. Plaintiffs had no legally protectable interest at stake. The case presented to the trial court did not admit of specific relief by judgment "conclusive in character and determinative of the issues involved". City of Joplin v. Jasper County, Mo., supra, 161 S.W.2d at p. 413; Land Clearance for Redevelopment Authority v. City of St. Louis, Mo., 270 S.W.2d 58, at 62; City of Creve Coeur v. Creve Coeur Fire Protection District, Mo., 355 S.W.2d 857, at 859. Whatever annoyance plaintiff Waterman and his neighbors may have felt because of the disunity of the councilmen occasioned by their dispute as to the meaning of the Charter provisions was not a sufficient basis for the exercise of the court's jurisdiction. "A mere difference of opinion or disagreement or argument on a legal question affords inadequate ground for invoking the judicial power". Borchard, Declaratory Judgments, Second Edition, p. 77; Jacobs v. Leggett, Mo., 295 S.W.2d 825, at 834.

The trial court's judgment was responsive to the issues raised by the pleadings and evidence and, because of that, undertakes to provide an answer to a legal question. It is academic and advisory. The court was

not confronted "with a state of facts presenting 'issues ripe for determination' in the sense that the facts were not sufficiently developed to admit of a conclusive adjudication". City of Joplin v. Jasper County, supra, 161 S.W.2d, at p. 414; Borchard, Declaratory Judgments, Second Edition, p. 56 et seq. The trial court should have exercised its discretion denying declaratory relief as authorized by Section 527.060, RSMo 1959, V.A.M.S.

Finally, even if it could have been said that plaintiffs had presented a justiciable controversy—and that could only have been predicated upon a contention of defendant Moore's unlawful appointment as Acting City Manager and his continued discharge of the functions of that office in contravention of the Charter—and assuming further that an action for declaratory judgment was an appropriate remedy, that controversy was rendered moot by defendant Moore's relinquishment of office during the pendency of this appeal.

 "A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy." Preisler v. Doherty, 364 Mo. 596, 265 S.W. 2d 404, at 407; Tootle v. Tootle, Mo.App., 362 S.W.2d 760, at 762. If the trial court's judgment as to the construction of Sections 3.1 and 3.2 of the Charter of the City of Independence is tantamount to a declaration that defendant Moore's appointment to office was illegal, any determination made by this court on appeal would not further any justiciable interest plaintiffs may have had in removing him from office. He has already relinquished it. Hribernik v. Reorganized School District R-3, Mo.App., 276 S.W.2d 596, at 598; State ex rel. Kramer v. Carroll, Mo.App., 309 S.W.2d 654, 655, at 657. Neither has any such controversy become less moot because the meaning of the Charter provisions may at some future time once again come into dispute with an attendant adverse effect upon some person.

Anderson, Declaratory Judgments, Second Edition, Vol. 1, p. 73.

Accordingly, the judgment of the trial court is annulled and the appeal dismissed.

All concur.