The CITY OF AURORA, Missouri, a municipal corporation, Plaintiff-Respondent,

v.

Miller COLEMAN et al., Defendants-Appellants,
and
John W. Jenkins et al., Defendants.

No. 9190.

Missouri Court of Appeals,
Springfield District.

Jan. 25, 1973.

Moore, Pettit & Meyer, Aurora, ·for plaintiff-respondent.

Emory Melton, Cassville, Edward V. Sweeney, Monett, for defendants-appellants.

TITUS, Chief Judge.

Pursuant to the "Sawyers Act" (§ 71.-015) [1], and admittedly to avoid the ruling in City of Bourbon v. Miller, Mo. (banc), 420 S.W.2d 296, 301(5), the city council of Aurora adopted two separate resolutions— one to annex 515 acres lying south of the present city limits, the other to annex 150 acres situate at the northwest corner of the existing municipal boundaries. Thereafter, the city instituted this class action (Rule 52.08(a); § 507.070, subd. 1) in two counts against certain alleged inhabitants of the unincorporated areas praying for a declaratory judgment authorizing such annexations. Rule 87; Chapter 527. Following trial, the Circuit Court of Lawrence County entered judgment permitting the city to

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

annex the areas "described in Counts I and II of Plaintiff's Petition, subject to the will of the voters." The defendants who appeared and were represented in the matter obtained no succor from their post-trial motions and appealed.

Husbands and wives named as parties defendants in Count I (the south area) were John and Helen Jenkins, M. L. and Jean McGown, Miller and Frances Coleman, and Charles and Helen Stark; Jeanne L. McKenzie was also designated as a defendant. Mr. and Mrs. Jenkins and Mr. and Mrs. McGown did not plead or otherwise appear in the case. Defendants named in Count II (the northwest area) were John Reidle and Rose, his wife, and Herbert H. Ragain and Julia, his wife, none of whom pleaded or appeared. Each count of plaintiff's petition averred the defendants named were "all inhabitants of and property owners in the area sought to be annexed [and] said defendants will fairly ensure adequate representation of all the inhabitants and property owners of the area . . . and their interests are identical with the interests of all the inhabitants and property owners of the area." Defendants Coleman, Stark and McKenzie moved the court to dismiss the petition, inter alia, for the reason that "the defendants chosen are not truly representative of the class against whom this cause of action is filed, and that the named defendants do not fairly ensure adequate representation of all members of the class against whom this suit is brought." When this motion was overruled, defendants answered specifically denying each and every allegation contained in all paragraphs of both petition counts. Defendants' after-trial motion to set aside the judgment and enter judgment for defendants or for a new trial, repeated the asseverations stated in their motion to dismiss and, as additional grounds for judgment or a new trial, stated these reasons: "9. Because plaintiff offered no evidence on and failed to prove facts showing that the defendants specifically named and served with process were fairly chosen and adequately and fairly represented the whole class of inhabitants and property owners in the area sought to be annexed. Plaintiff, by failing to prove such facts, failed to establish a prima facie case and failed to present sufficient evidence to justify the decree and judgment in plaintiff's favor. 10. Because Plaintiff having failed to establish facts referred to in the preceding paragraph, the Court did not and could not make a finding that the named defendants fairly and adequately insured representation of the whole class described in the preceding paragraph, which finding is mandatory to support a decree for the plaintiff herein." [2] Continuing to preserve this complaint, the first point relied on in defendants' brief on appeal is that the trial court "erred in rendering judgment for the plaintiff because the City did not offer any evidence on the point of proving that the defendants specifically named and served by process had been fairly chosen and adequately represented the whole class."

At the time this action was filed, tried and determined by the trial court, Rule 52.-09(a) provided: "Whenever an action is instituted . . . against one or more defendants as representative or representatives of a class, the petition shall allege such facts as shall show that . . . defendants specifically named and served with process have been fairly chosen and adequately and fairly represent the whole class. The *plaintiff shall be required to prove such allegations,* unless all of the members of the class have entered their appearance, and it shall not be sufficient to prove such facts by the admission or admissions of the defendants who have entered their appearance." [3] (Our emphasis).

---

2. The memorandum opinion prepared and filed by the trial court did not allude to these matters in any way.

3. Rule 52.09(a), supra, was repealed effective December 1, 1972. In lieu thereof, new Rule 52.08(a) states: "One or more

None of the answering defendants testified. John Jenkins, called as a witness for plaintiff, was not identified as being one of the defaulting defendants named in Count I of the petition; if he was, it is doubtful he qualified as an inhabitant of the south unincorporated area because, so he said, he resided in Aurora. An oblique reference was made to "the Miller Coleman property [of] 80 acres" as being in "the area the city seeks to annex." Whether this refers to property of one of the Count I defendants, we do not know. No one appeared on behalf of the class inhabiting the Count II area. In any event, no evidence of any character was offered by which anyone could identify and classify a single defendant. Plaintiff did not undertake to prove that defendants were "fairly chosen" or that they "adequately and fairly" represented the whole class. "How [defendants] were chosen, if indeed they were chosen, or why they might adequately and fairly represent the class is left for us to ponder." Hribernik v. Reorganized School District R–3, Mo.App., 276 S.W.2d 596, 599. In referring to the Count I (south) area and the Count II (northwest) area, the Mayor of Aurora stated: "Those are two separate distinct areas and they need and have to have separate consideration." The general tenor of the testimony of all witnesses was that the northwest area (inhabited by one industry, farmers and some residences) was desirable for industrial purposes; the south area (presently part residential, business, farmland and containing a mobile home park), was suitable for developing into a residential district. It is obvious from this, that each of the two involved areas have different conditions, diversified interests and separate problems requiring that a variety of people be "fairly chosen" so as to en-

sure that all classes be "adequately and fairly represented."

 Rule 52.09(a) specifically required plaintiff to prove that defendants were fairly chosen and would adequately and fairly represent the whole class. Kansas City Terminal Railway Co. v. Industrial Com'n, Mo., 396 S.W.2d 678, 680. The provisions of the rule are mandatory [State ex inf. Voigts ex rel. Mayor, Council and Citizens of Liberty v. City of Pleasant Valley, Mo.App., 453 S.W.2d 700, 705(6); City of Salisbury v. Nagel, Mo. App., 420 S.W.2d 37, 47(19, 20)], and the burden of proof rested with the plaintiff [City of St. Charles v. Schroeder, Mo. App., 474 S.W.2d 55, 59(1)] to show that defendants were "picked in a fair manner, justly and equitably, without an attempt to gain unfair advantage, and [were] among those in the class who [could] be counted upon to vigorously present the views of the class from which they [were] chosen." Sheets v. Thomann, Mo.App., 336 S.W.2d 701, 712(18). "In our case the interests and uses of the people whose rights are affected cover a wide range, and the separate areas involved require different knowledge and different treatment. Since there was not the proof required by the rule as to how the class representatives were chosen (compare City of St. Ann v. Buschard, Mo.App., 356 S.W.2d 567) or that they fairly represented the membership of the class, and since we cannot assume and infer what it was plaintiff's duty to prove, we feel that we must therefore reverse." City of Lebanon v. Holman, Mo.App., 402 S.W.2d 832, 836(7).

The judgment is reversed.

STONE, HOGAN and BILLINGS, JJ., and DOUGLAS W. GREENE, Special Judge, concur.

members of a class may . . . be sued as representative parties on behalf of all *only if* . . . (2) there are questions of law or fact common to the class, (3) the . . . defenses of the representa-tive parties are typical of the . . . defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." (Our emphasis).