**Timothy GUELKER, etc., a minor, etc., Plaintiff-Appellant,**

v.

**William D. EVANS et al., etc., Defendants-Respondents.**

**No. 40149.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 18, 1980.

Application to Transfer Denied Sept. 9, 1980.

---

5. Mo.Const. Art. I, § 13.

Thomas P. Howe, Clayton, for plaintiff-appellant.

J. Robert Tull, Mallory V. Mayse, Tull & Mayse, Columbia, for defendants-respondents.

SNYDER, Judge.

In a class action for injunctive and declaratory relief, Timothy Guelker sued respondents, members of the Board of Control (Board) of the Missouri State High School Activities Association (MSHSAA),[1] claiming that a ruling by the Board declaring him ineligible to compete in soccer with his high school team was wrongful and arbitrary, and deprived him of due process and equal protection of the law. He brought suit by his father, Robert Guelker, who was appointed his next friend, on behalf of himself and all other athletes attending high schools which are members of the MSHSAA. He requested the court to enjoin respondents from enforcing their ruling on eligibility and also to render a declaratory judgment that appellant was entitled to be a member of his high school soccer team.

The trial court, after ruling that appellant had failed to satisfy the requirements for maintaining a class action under Rule 52.08, went on to find against appellant, individually, and for the respondents, and each of them, on all issues in Counts I and II, and entered judgment for the respondents in accordance with the court's findings of fact and well-reasoned conclusions of law. This appeal followed.

Appellant asserts that the court erred because it ruled that: (1) appellant had not satisfied the prerequisites for maintaining a class action; (2) it did not have the power

1. The MSHSAA is a voluntary, unincorporated association of junior high and high schools formed to regulate interscholastic athletic activities in Missouri. Approximately 800 schools belong to the association, comprising all of the high schools and 80 percent of the junior high schools in the state. The association is governed by a constitution and by-laws which, among other things, provide standards and rules for eligibility of students to play on the teams of its members. The administration of the association is vested in an eight member Board of Control. The Board is the final authority in interpreting the constitution and by-laws of the association, and it hears appeals and protests. Funds for the association are derived from receipts at school games and membership dues from the schools.

Each state has an organization similar to MSHSAA. All state associations belong to the National Federation of State High School Associations, which acts as a clearing house for the state associations. The National Federation performs advisory functions for the state associations, but has no control over their rules.

to intervene in the internal affairs of the MSHSAA under previous Missouri decisions and the facts presented; (3) appellant did not establish the taking of a recognized property right by respondents without due process of law; and, (4) respondents' actions did not deny appellant equal protection of the law.

This court finds appellant has not satisfied the requirements for a class action, in part because he failed to show that a common question of law or fact, applicable to him and others, arose out of the situation described below. The court further finds appellant's individual cause of action to be moot.

Appellant, a senior at St. Louis University High and a member of its soccer team, was invited on August 25, 1976 to participate in tryouts for the regional CONCACAF Tournament[2] in Puerto Rico which was sponsored by the United States Soccer Federation. If selected for the team, he was told, he would be away from school for six weeks. At the time appellant was attending practices with his high school soccer team and had registered for classes earlier that day. Both his principal and his soccer coach informed him that there would be a question of his eligibility to play for the school team if he accepted the tournament invitation.

2. CONCACAF was the designation of a tournament zone in which a United States youth soccer team competed for qualification as a team to represent the CONCACAF zone in what was, in 1977, the first Youth World Tournament in Tunisia. The zone included North America, Central America and the Caribbean.

3. "An athlete may compete in nonschool competition when all of these requirements are met:
1. He (She) does not compete in organized competition in any aspect of a recognized high school sport during the season he (she) is representing the school in the same or another sport. . . .
2. No school time is missed to compete, practice for, or travel to the site of such competition."

4. "Entering and Withdrawing From School:

Appellant's father, Robert Guelker, a college soccer coach and athletic director who is prominent in the soccer world, contacted Irvin Keller, the Executive Secretary of the MSHSAA, concerning the tournament. Mr. Keller informed Mr. Guelker that he (Keller) felt appellant's participation in the tournament would violate several of the association's eligibility rules. These rules were the non school competition rule (Article V, Section 4.e of the constitution);[3] the eleven day rule (Article V, Section 3.d of the constitution);[4] and the international competition rule (Article V, Section 4.e.9 of the constitution).[5] He also noted his belief that because the tournament was not an Olympic function, it was not sanctioned by the National Federation of State High School Associations (National Federation), which he felt would be necessary if the Board were to find appellant eligible for high school competition after competing in the CONCACAF tournament. After talking with Mr. Keller, Mr. Guelker believed that appellant would be eligible to play for the team if it could be shown that the tournament was Olympic related. He advised appellant to go to the tryouts, and, after substituting an economics course for a physics course and making other academic arrangements, appellant left St. Louis on August 29. He participated in the tournament and returned to school October 8. He missed 29 days of school and the major portion of the soccer season.

(1) 'Entering school' for the purpose of eligibility consists of regular registration for classes and attendance in classes.
(2) He must have ENTERED SCHOOL WITHIN THE FIRST ELEVEN DAYS of the semester in which he is competing. . . ."

5. "He may participate in international competition if approved by the Board of Control and which does not violate the National Federation of State High School Associations (sic) recommended criteria for evaluating nonschool competition."
Four of the criteria are outlined in the constitution, Article V, Section 4.e.9. These are: "(1) Is the primary purpose of the activity to benefit the participants? (2) Will it contribute to the mental, physical, and emotional welfare of youth? (3) Will the nonschool competition interfere with the academic program of the school? and (4) Will it interfere with the interscholastic program of the school?"

A hearing was held September 17 to determine appellant's high school eligibility upon his return. The Board voted to deny eligibility to appellant, basing its decision upon the fact that the National Federation had not sanctioned the tournament and its belief that the National Federation's recommended criteria for evaluating nonschool competition had not been satisfied.

On October 12, after appellant's return, the Board held another hearing. Appellant, his father and their attorney attended. At that time it was noted that sanctioning by the National Federation was not necessary for eligibility under the international competition rule. The Board heard witnesses, considered all the relevant facts and again voted not to grant high school eligibility to Timothy Guelker.

In addition to appellant, three other high school students in Missouri were invited to participate in the CONCACAF tournament. All three declined the invitations and elected to play on their school teams.

Respondents moved to dismiss the appeal, contending that the points relied on, statement of facts and arguments in appellant's brief failed to comply with Rule 84.04(c) and Rule 84.04(d) and that the notice of appeal did not comply with Rule 81.08(a). It is unnecessary to speak to this motion in view of the disposition of the cause which follows.

Appellant first contends that the trial court erred in ruling this was not a proper class action under Rule 52.08. He argued that all the requirements of the rule for a class action were met. The point is not well taken.

In his petition appellant requested both injunctive and declaratory relief. In Count I, he requested that the association be enjoined from: enforcing its ruling declaring appellant ineligible to play high school soccer; declaring appellant ineligible to play on his high school soccer team; and from declaring St. Louis University High School or any of its agents to be in violation of MSHSAA rules by permitting appellant to play on the soccer team. Count II requested the court to determine that the actions of respondents violated appellant's rights both "individually and as a representative of that class of athletes whose rights would require the same type of determination, now and in the future."

■ In Count I appellant requested relief only for himself individually. His failure to request injunctive or other relief on behalf of the class requires affirmance of the judgment that appellant failed to meet the class action requirements as to Count I. Rule 52.08(a).

■ Appellant has also failed to establish a common question of law or fact applicable to him and others who may be presented with a similar choice in connection with Count II. He does not contend that the rules themselves are arbitrary or unreasonable; rather, he claims that the Board's decision was arbitrary. Although appellant maintains that a student should not be forced to choose between his high school team and a national team representing his country, he recognizes that, under the international competition rule, the Board is given discretion in such a matter. The exercise of the discretion to allow eligibility may turn on the facts of each case and the various rules involved. For this reason a decision as to appellant may not conclude another case where the time missed was shorter, a different tournament was involved, or different rules were violated. There is no common question of law or fact as required by Rule 52.08(a). Appellant's own witness, William Hampton, testified that such factors as length of time missed could be important in such determinations. Because determinations under the international competition rule may depend on different factual settings for members of the purported class, and on different rule violations, the trial court ruled correctly that this action is not a proper class action as to either the injunction or the declaratory judgment count.

■ Even so, the points raised would be considered as they apply to appellant's individual cause of action in a proper case. *State ex rel. Niess v. Junkins*, 572 S.W.2d 468, 470[1] (Mo. banc 1978). However, be-

cause the record shows appellant has graduated from high school, and has in fact entered college on a soccer scholarship, the appeal as it applies to him individually will be dismissed as moot. There is no justiciable controversy, no present interest which may be enforced by suit, and a decision would have no practical effect on any existing dispute. *Preisler v. Doherty*, 363 Mo. 596, 265 S.W.2d 404, 407[4–5] (banc 1954); *Cox Chapel Sch. Dist. No. 4. v. Atchison Co. Sup. of Sch.*, 429 S.W.2d 348, 351[5] (Mo. App.1968); *Magenheim v. Board of Education*, 347 S.W.2d 409, 417[11] (Mo.App.1961); *Hribernik v. Reorganized School District R–3*, 276 S.W.2d 596, 598[4–5] (Mo.App. 1955).

Judgment affirmed as to class action. Appeal dismissed as moot as to appellant Timothy Guelker.

WEIER, P. J., and CRIST, J., concur.