William C. DUFFE and James M. Shea, Plaintiffs-Respondents,

v.

Thomas E. ZYCH, et al., Defendants-Appellants.

No. 47721.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 21, 1984.

Bruce Nangle, Stephen J. Nangle, Clayton, for defendants-appellants.

James J. Wilson, City Counselor, St. Louis, for plaintiffs-respondents.

KELLY, Presiding Judge.

This appeal involves a dispute between the Executive and Legislative branches of the municipal government of the City of St. Louis, Missouri, relative to a Resolution adopted by the Board of Alderman of the City of St. Louis whereby the Mayor, Appointing Authorities and the Personnel Director of the City of St. Louis were directed to rescind lay-off notices given to certain unidentified city employees until such time as the 1983–84 budget should be adopted by the Board of Alderman.

Under the scheme of the City Charter of the City of St. Louis, the Board of Estimate and Apportionment is the monitoring and fiscal manager of the City finances. On June 10, 1983, a projected budget approved by the Board of Estimate and Apportionment had been introduced in the Board of Aldermen as a Board Bill, but it had not been considered by any Committee of the Board or by the Board of Aldermen as a whole.

Pursuant to budget decisions of the Board of Apportionment, with the concurrence of the Mayor, the appointing authorities of the City had caused employees of the City of St. Louis to be laid off from their employment effective June 3, 1983, at 5:00 p.m. Other employees of the City were being or would be laid off at a later date due to the budget decisions of the Board of Estimate and Apportionment, with the concurrence of the Mayor, after being reviewed and approved by Mr. Duffe, Director of Personnel, in accordance with Article XVIII of the Charter and the rules and regulations of the Civil Service Commission and the Department of Personnel. Mr. Shea, the Director of Streets, had ordered and was continuing to order layoffs in his department.

On June 10, 1983 the Board of Aldermen adopted Floor Substitute for Resolution No. 44, (hereinafter Resolution No. 44) wherein it directed Duffe and all appointing authorities, including Mr. Shea, to reinstate all persons laid-off from their employment with the City of St. Louis and authorized the Board of Aldermen to commence legal proceedings to "stop the lay-off implementation and reinstate employees already laid-off."

On the same day, this suit was instituted by Duffe, as a resident and taxpayer of the City of St. Louis and as the Director of Personnel of the City of St. Louis pursuant to Article XVIII, Section 8 of the Charter of the City of St. Louis, and Shea, as a resident and taxpayer of the City of St. Louis and the Director of Streets of the City of St. Louis, for a Declaratory Judgment and Injunctive relief. The defendants are Thomas E. Zych, the President of the Board of Aldermen, and the members of the Board of Aldermen in their official capacities. A Motion for Preliminary Injunction was filed with the petition. Plaintiffs sought a declaration that: Resolution No. 44 was invalid and of no force and effect and an order of the Court permanently enjoining the defendants, (1) from attempting to take any action pursuant thereto, or (2) expending any public funds in connection therewith. An Order to Show Cause was issued the same day directed to the defendants returnable the 16th of June, 1983.

On the return date the defendants filed their Answer and Counterclaim for a declaration that the layoff orders were a nullity, for an order directing Duffe to rescind his approval of all orders of layoffs prior to May 1, 1983, and for an order that the Board of Aldermen alone possess the authority to adopt an ordinance effecting the reduction of service for classified positions. Defendants also filed a Motion to Dismiss challenging plaintiffs' standing to prosecute this action and attacking the jurisdiction of the trial court. Plaintiffs, on the same day, filed a Motion for Partial Judgment on the Pleadings wherein they relied on admissions in defendants' Answer that the institution of legal proceedings by them pursuant to Resolution No. 44 was moot, that defendants denied that public funds had or would be expended in connection with the Resolution, and that the adoption of the Resolution imposed no legal duties on the plaintiffs nor authorized the expenditure of public monies. This Motion asked the trial court to enter its "interlocutory judgment" declaring that Resolution No. 44 was of no force and effect with respect to plaintiffs that the Resolution imposed no duty or obligation on plaintiffs, imposed no legal or mandatory duties on plaintiffs, and to permanently enjoin defendants from expending public funds or monies of the City in connection with or pursuant to said Resolutions.

The trial court entered its Order, Judgment and Decree sustaining Plaintiffs' Motion for Partial Judgment on the Pleadings and rendered judgment in favor of Plaintiffs and against Defendants on Plaintiffs' Petition for Declaratory Judgment and Injunctive Relief; it further Ordered, Adjudged and Decreed Judgment in favor of Plaintiffs and against Defendants on Defendants' Petition for Preliminary Writ of Mandamus, and sustained Plaintiffs' Motion to Dismiss Defendants' Petition for Writ of Mandamus and Defendants' Original Counterclaim. This Order, Judgment and Decree was made a final order for purposes of appeal and a Memoranda Opinion was filed with the Order, Judgment and Decree, retaining however, jurisdiction to determine the appropriateness of attorney fees.

The parties to this appeal agree that the issues raised by this litigation are moot by reason of the adoption of a budget by the City of St. Louis for the 1983–1984 fiscal year, Ordinance No. 58826, approved October 6, 1983. The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. *Hribernik v. Reorganized School Dist. R–3*, 276 S.W.2d 596, 598[3] (Mo.App.1955). "A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy." *Waterman v. City of Independence*, 446 S.W.2d 471, 475[6] (Mo.App.1969). It is of no consequence that it may have become moot pending appeal. *Hribernik*, id., l.c. p. 598. Neither has the controversy become less moot because the same issue may at some future time come into dispute. *Waterman*, id., l.c. p. 475. Anderson, *Declaratory Judgments*, Second Edition, Vol. 1, p. 73.

The judgment of the trial court is annulled and the appeal is dismissed.

STEWART and SNYDER, JJ., concur.