**Russell KRACMAN and Tawna Kracman, Plaintiffs–Appellants,**

v.

**OZARK ELECTRIC COOPERATIVE, INC., Defendant and Third–Party Plaintiff–Respondent,**

v.

**Douglas JOHNSTON, Third–Party Defendant.**

No. 17524.

Missouri Court of Appeals, Southern District, Division One.

Oct. 3, 1991.

Thomas Strong and Jeffrey W. Bates, Strong & Associates, Springfield, for plaintiffs-appellants.

David W. Ansley and Jan Y. Millington, Hall, Ansley, Carmichael & Gardner, Springfield, for defendant and third-party plaintiff-respondent.

PREWITT, Presiding Judge.

Plaintiffs sued defendant on a negligence theory to recover damages for personal injury to Russell Kracman. He was injured when a high voltage power line owned by defendant touched the back of his neck while he was working on a billboard. Defendant filed a third-party petition against Douglas Johnston, seeking in one count contractual indemnity and in another noncontractual indemnity or contribution. Defendant's claim against Johnston was severed and the issues between plaintiffs and defendant were tried with a jury. By its verdict the jury found Russell Kracman's damages to be eight million dollars and Tawna's Three Hundred Thousand and assessed 90% of the fault to defendant and 10% to Russell Kracman.

Following trial the parties disagreed on the computation of prejudgment interest. See § 408.040.2, RSMo Supp.1990. On April 16, 1991, the trial court entered "judgment" against defendant for $9,059,-568.30, and found "there is no just reason for delaying entry of final judgment on Plaintiffs' claims against defendant Ozark

Electric Cooperative, Inc." See Rule 74.-01(b).

On April 26, 1991, an "Agreement" and a "Special Release", was entered into by plaintiffs, defendant and defendant's liability insurance carrier, purporting to preserve plaintiffs' right to appeal the trial court's ruling on prejudgment interest. Plaintiffs' notice of appeal was filed April 29, 1991. Plaintiffs' brief has one point relied on stating the trial court erroneously calculated prejudgment interest.

■ The agreement and release were originally brought to this court's attention by Johnston. Plaintiffs and defendant acknowledge the existence of the documents and agree as to their content. After examining the documents this court invited suggestions from the parties as to whether this appeal is moot. To determine if a controversy is moot, an appellate court can look outside the record. *Verity v. First City Drink, Inc.,* 800 S.W.2d 796, 797 (Mo. App.1990).

By the agreement and release defendant's liability carrier agreed to pay plaintiffs the $6,000,000 limit of its policy, part of which was paid in cash and the remainder was used to purchase an annuity to provide future periodic payments to plaintiffs. Defendant agreed to pay plaintiffs $750,000. In addition, defendant assigned to plaintiffs its indemnity claim against Johnston and 50% of its proceeds of an apparently unfiled indemnity claim against Allgeier Martin & Associates, Inc. The agreement provided:

> It is understood and agreed that the Civil Action CV189–61CC [trial court's number of this action] shall not be dismissed and plaintiffs shall have the right to appeal the ruling of Judge James L. Eiffert concerning the payment of post-judgment interest. If plaintiffs pursue said appeal, defendants shall have the right to contest said issue in the appellate court, but neither Ozark Electric Cooperative, Inc. nor Federated Rural Electric Insurance Corporation shall have any financial obligations to Russell and/or Tawna Kracman beyond those articulated in this Agreement, regardless of the decision of the court of appeals.

By these documents plaintiffs agreed, "pursuant to section 537.065, R.S.Mo. (1986) not to levy execution, by garnishment or as otherwise provided by law, on any assets now owned or after acquired, tangible or intangible, of Ozark Electric Cooperative, Inc. or Federated Rural Electric Insurance Corporation."

■ "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984). An appeal will be dismissed when an event occurs which renders a decision unnecessary. *Id.*

■ "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Duffe v. Zych,* 676 S.W.2d 70, 72 (Mo.App.1984). When a question presented for decision could not have any practical effect upon any then existing controversy, the question is moot. *Id.* The controversy is no less moot because the issue may come into play at some future time. *Id.*

"It is too well settled to admit of any argument that an assignee acquires no greater rights against the debtor than the assignor had against him at the time of the assignment." *Centennial State Bank v. S.E.K. Construction Co.,* 518 S.W.2d 143, 147 (Mo.App.1974). See also *Staples v. O'Reilly,* 288 S.W.2d 670, 676 (Mo.App. 1956); *St. Louis Union Trust Co. v. Hunt,* 169 S.W.2d 433, 441 (Mo.App.1943); *Stewart v. Kane,* 111 S.W.2d 971, 975 (Mo.App. 1938).

Plaintiffs contend this matter is not moot because in an "Agreement for Pole Inspection" between Johnston and defendant, Johnston agreed to pay any final judgment against defendant arising out of Johnston's activities. Plaintiffs claim that the agreement between Johnston and defendant was one for indemnity against liability allowing defendant to recover the amount of the

judgment without regard to whether it was fully paid.

■ An indemnity agreement may call for indemnity against liability or indemnity against loss. *Holiday Inns, Inc. v. Thirteen–Fifty Investment Co.*, 714 S.W.2d 597, 601 (Mo.App.1986). The promisee of a promise to indemnify against liability is entitled to recover based on the amount of liability although it has not been satisfied, but an indemnification against loss limits recovery to actual payment. *Id.*

Plaintiffs rely on cases discussing agreements for indemnification against liability such as *First National Bank of Kansas City v. Higgins*, 357 S.W.2d 139 (Mo. banc 1962); *Ruysser v. Smith*, 293 S.W.2d 930 (Mo.1956); and *Homan v. Employers Reinsurance Corp.*, 345 Mo. 650, 136 S.W.2d 289 (1939). The rationale of those cases is not applicable here as they considered situations where liability still existed for the amount sought. Here, defendant has no liability for the prejudgment interest sought in this appeal.

■ The distinction between contracts for indemnity against liability and indemnity against loss is irrelevant when liability has been extinguished and payment made. In that event the measure of damages is the amount paid. See *Holiday Inns*, 714 S.W.2d at 601.

*Hunter v. De Luxe Drive–In Theaters*, 257 S.W.2d 255 (Mo.App.1953), held that where a judgment was compromised, recovery on an indemnity theory could be had for the amount paid plaintiff and suit expenses. See also 41 Am.Jur.2d Indemnity § 33, p. 723 (1968); 42 C.J.S. Indemnity § 19, p. 105 (1991); *Crump & Trezevant, Inc. v. Continental Cas. Co.*, 165 Tenn. 473, 55 S.W.2d 762 (1933) (contract of indemnity recovery limited to actual damage sustained); *Kramer v. Linz*, 73 S.W.2d 648 (Tex.Civ.App.1934) (measure of damages on contract of indemnity is loss, actually sustained or paid).

■ Although Johnston may have agreed to pay the judgment, the damages if he is obligated to do so, is not the amount of the judgment but what defendant paid. Defendant would not be obligated to pay any additional amount, if this court should determine that plaintiff is correct regarding prejudgment interest. Laying aside the cost of defense, not an issue here, defendant could recover no more than what it had to pay. As an assignee of defendant's claim against Johnston, plaintiffs can recover no more against Johnston than could defendant.

■ Even if the decision here would not affect the parties, plaintiff contends the issue should be decided. Plaintiff correctly states an appellate court has discretion to decide an issue moot between the parties where the case presents an unsettled legal issue of public interest and importance. See *Magruder v. Petre*, 690 S.W.2d 830, 831 (Mo.App.1985).

■ This exception "is made where an issue is presented of a recurring nature, is of general public interest and importance, and will evade appellate review unless the court exercises its discretionary jurisdiction." *State ex rel. Missouri Pub. Serv. Co. v. Fraas*, 627 S.W.2d 882, 885 (Mo.App. 1981). Exercising this discretionary jurisdiction depends on whether there is a legal principle not previously ruled to which a judicial declaration should be made for future guidance. *Id.*

■ The issue here is not of sufficient importance that it needs a ruling in a case where the parties cannot be affected by it. This court is guided in part in its decision not to exercise discretion to decide it because defendant cannot be hampered by the outcome of this appeal. Whether defendant might be affected in future litigation by a decision on the question raised by plaintiffs is subject to speculation.

The appeal is moot as a decision cannot affect any controversy in this matter. This court declines to exercise its discretion to make a decision on the question presented.

The appeal is dismissed as moot.

CROW and PARRISH, JJ., concur.