**In re the Body of Diana K. KELLEY.**

No. 18965.

Missouri Court of Appeals,
Southern District,
Division Two.

June 23, 1994.

---

**510**

Robert W. Richart, Joplin, for respondent-appellant.

David Dally, Pros. Atty., Dean G. Dankelson, Asst. Pros. Atty., Jasper County, Terrence D. Prigmore, Joplin, for petitioner-respondent.

PREWITT, Judge.

At the request of Paul Stubblefield, the father of Diana K. Kelley, the prosecuting attorney of Jasper County filed a "petition to exhume body and conduct autopsy". The exhumation and autopsy were opposed by Doyle Kelley, Diana K. Kelley's surviving husband. They were "separated" at the time of her death.

On July 9, 1993, following nonjury trial, the court authorized Stubblefield to have the body exhumed and an autopsy performed. Doyle Kelley appeals from that order. On August 25, 1993, the body was exhumed and Dr. Jill M. Gould performed the autopsy.

Notwithstanding that the relief sought has occurred, appellant contends that this court should reverse the judgment because "the evidence gained from the exhumation and subsequent autopsy is fruit of the poisonous tree. The relief sought for by Appellant would render said evidence inadmissible in promised subsequent investigation and charges against Appellant."

Appellant's contention in response to whether his appeal is moot is answered in *Kracman v. Ozark Elec. Co-op., Inc.*, 816 S.W.2d 688, 690 (Mo.App.1991):

"The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Duffe v. Zych*, 676 S.W.2d 70, 72 (Mo.App.1984). When a question presented for decision could not have any practical effect upon any then existing controversy, the question is moot. *Id.* The controversy is no less moot because the issue may come into play at some future time. *Id.*

The appeal is dismissed as moot.

CROW and GARRISON, JJ., concur.