C.M. BROWN & ASSOCIATES, INC.,
Plaintiff/Appellant,

v.

William D. KING,
Defendant/Respondent.

No. 48438.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 1984.

Anthony S. Bruning, Bernard A. Reinert, Leritz & Reinert, St. Louis, for plaintiff/appellant.

Lashly, Caruthers, Baer & Hamel, H. William Hinderer, III, Amy Rehm Hinderer, St. Louis, for defendant/respondent.

CRIST, Judge.

Appeal from the denial of an injunction restraining defendant King from competing with plaintiff C.M. Brown & Associates, Inc (plaintiff). We find the present case to be moot and dismiss the appeal.

Plaintiff initially filed a four-count petition against King and defendant Financial Guardian, Inc., seeking injunctive relief against King and damages against both King and Financial Guardian, Inc. for an alleged violation of a covenant not to compete signed by King while plaintiff's employee. On March 9, 1983, a hearing was held on plaintiff's request for a preliminary injunction, which was denied by the trial court on March 28, 1983. Plaintiff's appeal was dismissed on the ground the denial of a preliminary injunction was not a final, appealable order. *C.M. Brown & Associates, Inc. v. King*, et al., 662 S.W.2d 572 (Mo.App.1983).

On February 22, 1984, the trial court, on plaintiff's motion, consolidated the hearing on the request for a permanent injunction with the hearing previously held on the application for a preliminary injunction, and amended its order denying a preliminary injunction to show the denial of a permanent injunction as well. Plaintiff then, on March 6, 1984, dismissed without prejudice all counts of its petition other than its request for injunctive relief against King, eliminating Financial Guardian as a defendant and removing all damage claims. Plaintiff then commenced the present appeal.

Plaintiff first employed King in 1975. Thereafter, in 1977, King signed an "Employee Agreement" containing this provision:

The Employee does hereby further promise and agree that for a period of eighteen (18) months following the termination of this Agreement he will not and will not attempt to, directly or indirectly, for himself or others in any manner whatsoever, procure, solicit, accept, refer or aid another in the procurement, solicitation, acceptance or referral of policies, applications or inquiries about insurance from:

(1) Any person, firm, corporation or association regardless of location which at the time of termination of this Agreement was insured by the Employer or any of his subsidiaries or affiliated companies under a policy or policies, sold or serviced by the Employee.

The business was sold to a "friendly competitor" as of August 1, 1982. King resigned from the "friendly competitor's" employ on January 31, 1983, and the sale of the business was "rescinded" effective February 1, 1983.

Due to these sales, there is a dispute concerning when the covenant began to run; either July 31, 1982, King's last day of work for plaintiff, or January 31, 1983, his last day for plaintiff's assignee. It is not necessary to decide that issue. King's employment was restricted for the first eighteen months following his employment with plaintiff. Using the last date, January 31, 1983, King's last day of work for plaintiff's assignee, the covenant expired by its own terms on July 31, 1984. Plaintiff's request for an injunction is now moot. *Personal Finance Co. of Missouri v. Day*, 164 S.W.2d 273, 273–74 (Mo.1942); *State v. Union Electric Company*, 312 S.W.2d 151, 155 (Mo.App.1958). *Warren v. Warren*, 601 S.W.2d 683, 687 (Mo.App.1980).

Appeal dismissed.

DOWD, P.J., and CRANDALL, J., concur.