**Charles L. VERITY,**
**Plaintiff/Respondent,**

v.

**FIRST CITY DRINK, INC.,**
**Defendant/Appellant.**

**No. 57304.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 18, 1990.

Randall E. Gusdorf, Clayton, for defendant-appellant.

Lester H. Goldman, St. Ann, for plaintiff-respondent.

GRIMM, Judge.

■ Defendant First City Drink, Inc., appeals the trial court's order permanently enjoining First City from occupying certain premises on Laclede's Landing in St. Louis. The trial court found that plaintiff Charles Verity leased the premises from The Bi-State Development Agency for one year and he had not assigned his lease agreement to First City. As a result, the trial court found First City had no rights to the premises. We dismiss the appeal as moot; because the lease agreement ended March 31, 1990.

In January, 1989, Bi-State sought proposals to lease certain premises. Two proposals were received; one from Keith Davis, the other from plaintiff. In mid-February, Bi-State's real estate manager accepted plaintiff's proposal. The manager advised both plaintiff and Davis of the decision.

Thereafter, Davis contacted plaintiff about the two of them working together. In late February, plaintiff, Davis, and Brian Green apparently agreed to operate the business. Plaintiff and Davis signed Articles of Incorporation for First City Drink, Inc. on March 15, 1989.

A shareholders' agreement was signed by plaintiff, Davis, and Green as of March 30. This agreement provided the corporation would operate a business under the name of All American Saloon. The agreement reflects Davis and Green each contributed money, while plaintiff contributed "Acquisition of the Lease [and] Start-up Management of the Bar."

The lease on the premises is dated as of April 1, 1989. The cover of the lease shows the lessor is "The Bi-State Development Agency of the Missouri-Illinois Metropolitan District", while the lessee is "Charles L. Verity." On the first page of the lease agreement, "Charles L. Verity (First City Drink)" is shown as lessee. The lease is signed "By Charles L. Verity." On the line below is written "President-Gen. Manager." An exhibit "C," attached to the lease, is signed "Charles L. Verity"; underneath is typed "Chuck Verity, Owner/Operator of All American Saloon."

Bi–State's real estate manager testified plaintiff signed the lease as an individual without the words "(First City Drink)." Those words were added several weeks after the lease was signed.

A clause in the lease prohibited lessee from assigning or subletting the lease without Bi–State's approval. Another clause gave lessee the option of renewing the lease for an additional five years, provided lessee gave written notice of intent to exercise the option "not later than ninety (90) days prior to the end of the [one year] term."

Plaintiff managed the bar until June 29 when he was excluded from the premises. The next day, plaintiff sought a permanent injunction against First City Drink to prevent it from "occupying the premises," as well as from "excluding Plaintiff" from the premises.

On June 30, the trial court entered a consensual temporary restraining order and order to show cause. Three days after a July 25 hearing, the trial court found plaintiff was the tenant under the lease and that he had "not assigned the aforesaid lease or sublet his leasehold interest." It entered a permanent injunction against First City and its officers and employees from occupying the premises.

First City appealed, alleging the trial court erred in granting the injunction because: (1) the evidence showed First City "was the tenant of the lease"; and (2) plaintiff "had an adequate remedy at law." Because the case is moot, we do not address these contentions.

Plaintiff filed a motion to dismiss appeal, contending the appeal is moot. The motion was ordered taken with the case. In his brief, plaintiff renews his position. He alleges "the appeal [is] moot because the lease that was the subject of the controversy between the parties was for a term of one year with an option to renew. The option to renew was never exercised, and as a result the lease ... has expired."

 Attached to the motion to dismiss was an affidavit from Bi–State's real estate

manager.* Among other things, the manager said the lease "terminated on March 31, 1990, and was not renewed." The affidavit further states a "new and different lease was entered into by the Lessor and First American Saloon, Inc. (Charles L. Verity is the president of the Lessee), which new lease is dated April 1, 1990, and commenced on April 1, 1990." The affidavit concludes by saying that neither plaintiff nor First City Drink, Inc. served notice to exercise the option to renew the original lease. Defendant did not file any counter-affidavits.

By its terms, the original lease expired on March 31, 1990, when the lessee, whether plaintiff or defendant, did not renew the lease. Therefore, neither plaintiff or defendant have a leasehold interest in the premises.

" 'If, pending an appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal or writ of error will be dismissed. Thus an appeal will be dismissed where, by reason of a change of conditions or circumstances the question has become moot.' " *Koch v. Bd. of Regents of Northwest Mo. State C.*, 265 S.W.2d 421, 424 (Mo.App.W. D.1954) (quoting 4 C.J.S., *Appeal and Error*, § 1362a).

Here, the original lease expired and neither plaintiff or defendant have any leasehold interest in the premises. There is no claim for damages before us, nor does the record reflect any bond was given for either the temporary restraining order or the permanent injunction. The appeal is moot. *See C.M. Brown & Assoc. v. King*, 680 S.W.2d 365, 366 (Mo.App.E.D.1984) (covenant not to compete expired while action seeking injunction was pending on appeal).

The appeal is dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

* An appellate court is permitted to go outside the record to determine if an appeal is moot. *State v. Local No. 8–6, Oil, Chem. & Atomic Wkrs.*, 317 S.W.2d 309, 314 (Mo.banc 1958).