**In the Interest of W.M., Jr.**

**No. 59762.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 28, 1992.

Blair Drazic, Creve Coeur and Max W. Custer, Jr., Kell, Custer, Weller, Miller & Flach, St. Louis, for appellants.

John S. Sandberg and Roger K. Rea, Sandberg, Phoenix & von Gontard, St. Louis, for St. Louis Children's Hosp.

John T. McCaffrey, St. Louis, for respondent, Juvenile officer.

Donald T. Ridley, Brooklyn, N.Y., for amicus curiae Watchtower Bible and Tract Soc. of New York, Inc.

SMITH, Presiding Judge.

Parents appeal, individually and on behalf of their son, W.M., Jr., born April 20, 1974.[1] Section 211.261 RSMo 1986. W.M., Jr. has a sub-form of childhood acute lymphoblastic leukemia, T-cell variety. Mother and W.M., Jr. are Jehovah's Witnesses and object to the use of blood transfusions.[2]

On December 11, 1990, the Honorable Robert G. Dowd, Jr., entered the following ex parte order.

On the Motion of the Juvenile Officer and the submission of Affidavits from St. Louis Children's Hospital, the Court finds as follows: "That the child is suffering from T–Cell acute Lymphoblastic leukemia and is presently hospitalized at St. Louis Children's Hospital for fever and neutropenia. Further, that the child's condition is complicated by low platelet count and low hemoglobin, both of which conditions could result in hemorrhage and death. Further, that the natural parents have been informed of the said condition and of the need for the possible administration of platelets and packed red blood cells but that the said parents have refused the medical treatment due to their religious beliefs. Further, the Court finds that the said child is in need of immediate treatment and that his condition is life threatening.

WHEREFORE, the Court hereby Orders that the said [W.M., Jr.] be and is hereby Ordered taken into Judicial Custody by the Juvenile Officer and that the staff of St. Louis Children's Hospital be and is hereby granted permission to provide such medical treatment, including

---

1. Portions of this opinion are taken, without further attribution, from a proposed opinion of Karohl, J. which failed of acceptance by the division.

2. Father is not one of Jehovah's Witnesses but he supports W.M., Jr.'s decision to object to treatment requiring administration of blood products.

the administration of blood or blood products, as the child's medical condition may require. Provided, however, that the administration of said blood and/or blood products shall be only for life-saving purposes and not as routine treatment.

Further, the Juvenile Officer is authorized to provide such written consents as the hospital staff may require.

On December 12, 1990, the court appointed a Guardian Ad Litem for W.M., Jr. On December 13, 1990, W.M., Jr. was transfused against his will at Children's Hospital. The same day, the juvenile officer filed a petition in which he alleged W.M., Jr. came within the provisions of § 211.031 RSMo Cum.Supp.1990 because the parents, due to their religious beliefs, refused to authorize administration of blood products and thereby placed W.M., Jr. "at risk of harm in that he may bleed to death or suffer other injuries...."

On December 14, 1990, the court held a partial evidentiary hearing on the juvenile officer's petition. Attorneys for the juvenile officer, W.M., Jr., the parents and a representative of Children's Hospital were present. The juvenile officer called Dr. Alan Schwartz, Chief of the Division of Pediatric Hematology at St. Louis Children's Hospital and Professor of Pediatrics at Washington University School of Medicine, as a witness. Dr. Schwartz testified he had been caring for W.M., Jr. for approximately eight months. He identified W.M., Jr.'s four major medical problems: (1) leukemia; (2) marked deficiency of white blood cells; (3) severe anemia; and (4) severe reduction in blood platelets. Dr. Schwartz stated the only recognized course of medical treatment to alleviate these conditions was a provision of blood transfusions using red blood cells and blood platelets. Dr. Schwartz opined a low blood platelet count placed W.M., Jr. at risk for a potential catastrophic hemorrhage resulting in death or a vegetative state. He testified there are no absolute guidelines to forecast hemorrhaging. In the doctor's opinion, "[w]hen the patient is in this type of condition it is critical to have available the ability to provide transfusions in a 10 minute ... period." With the transfusions,

Dr. Schwartz estimated W.M., Jr.'s chance of survival to be approximately fifty percent, without transfusions his chance fell below one percent.

Under cross-examination by Guardian Ad Litem, Dr. Schwartz testified before he began treating W.M., Jr., his parents were aware that if W.M., Jr.'s condition were to reach a certain condition, Dr. Schwartz would treat by transfusion.

After Dr. Schwartz's testimony, the juvenile officer rested his case. Attorney for parents requested the hearing be continued in order to have an opportunity to further investigate the case. Judge Dowd continued the hearing and entered an interlocutory order:

Evidence and testimony *partially* heard and adduced; parties for the natural parents request that the matter be *continued for additional testimony* is hereby granted, subject to the following Order, to-wit:

"Upon the testimony and evidence adduced, the Court hereby finds that its Temporary Order of 12–11–90 permitting St. Louis Children's Hospital to administer medical treatment, including the administration of blood products, shall remain in full force and effect until further Order of this Court. The Court further finds that there was a rational basis for said Order in that the child's medical condition is such as to warrant immediate medical treatment, including administration of blood products; that his course of treatment is a recognized medical procedure; and that the parents of the child have failed and refused to grant permission for such treatment." (Our emphasis).

The matter was tentatively rescheduled for December 21. Attorney for parents requested a continuance due to the unavailability of W.M., Jr.

As far as we are able to discern from the record on appeal, nothing more happened in the cause until February 8, 1991. That day the juvenile officer filed a Motion for Protective Custody and Medical Treatment. Juvenile officer alleged in the motion that

parents intended to transport W.M., Jr. to Texas for treatment. However, the staff of St. Louis Children's Hospital opined W.M., Jr. was at risk of death if he did not receive the administration of blood products before he travelled to Texas.

The motion hearing was set before the Honorable Evelyn M. Baker on February 8, 1991. Judge Baker replaced Judge Dowd in the St. Louis City Juvenile Division January 1, 1991. The juvenile officer, parents, W.M., Jr. and the Guardian Ad Litem were present. The juvenile officer withdrew the motion filed previously that day. The juvenile officer stated he had no objection to W.M., Jr. being transported to Texas after the treating physician administered blood products to ensure he would survive the trip.

All that remained before the court was the juvenile officer's petition filed under § 211.031 which had been partially heard on December 14, 1990. However, the following exchange transpired.

THE COURT: Mr. Drazic, what I see really happening here is that I have already determined that I'm not going to change the order. *And the motion was previously withdrawn.* Basically what I see happening is that you want to *reopen the hearing.*

MR. DRAZIC (Attorney for parents): We believe we have a constitutional right to have our case heard, your Honor, before a transfusion is administered. When everyone was here, everyone was ready and everyone was available.

THE COURT: And I believe I made a ruling at that time that the order that was previously issued on December the 11th and December 14th orders were remaining in full force and effect.

MR. DRAZIC: And it's our position we're entitled to present additional evidence to have those *set aside* or *modified.*

THE COURT: On what basis?

MR. DRAZIC: On his First Amendment right to freedom of religion and because a fact question exists before the Court as to whether or not this treatment should be ordered. It's the best interest of the juvenile. (Our emphasis). Parents then made an offer of proof. The court denied parents' oral motion in an order issued the day of the hearing.

Pursuant to this Court's Order in this matter dated December 11, 1990 and December 14, 1990, the said [W.M.,Jr.] is hereby in the judicial custody of the Juvenile Officer and therefore, it is hereby ordered, adjudicated and decreed that the said Juvenile be transported by the St. Louis Metropolitan Police Department to St. Louis Children's Hospital accompanied by the Deputy Juvenile Officer, Linda Thekkedam, for admission in order for the said juvenile to be treated for a life threatening anemia.

It is from this order that appeal was taken.

W.M., Jr. was taken to Children's Hospital on February 8, 1991, and transfused. W.M., Jr. went to Texas during the first week of March 1991, for less than two weeks. In Texas, W.M., Jr. received treatment for his leukemia without administration of blood products. Currently, a pediatrician at Cardinal Glennon Hospital in St. Louis is continuing the treatment program W.M., Jr. began in Texas. Fortunately, W.M., Jr. is currently in remission and is actively participating at school, around the house and at his congregation.

Parents oppose the juvenile officer's motion to dismiss the appeal. They argue:

[T]he nature and circumstances of the issues before Judge Baker on February 8th show that her denial of [Parents'] motion to set aside or modify the December 14th order and her order directing that [W.M., Jr.] be taken to the hospital to be transfused that day were final and therefore appealable orders or decrees.

We need not address whether the matter before us is a final order subject to appeal. Certainly the order resulted in an unwanted transfusion and whether an order having such a result, actually or potentially, is "final" is not free from doubt. We find, however, that the appeal should be dismissed for mootness.

The young man in question is now within three months of his eighteenth birthday.

When he reaches his eighteenth birthday he is legally entitled to make his own decision concerning medical treatment. Section 431.061, RSMo 1986. His medical condition is presently in a state of remission and he is under treatment by a doctor who does not utilize blood transfusions to treat him. It is highly improbable that this matter will again come before the juvenile court as to this individual. The only transfusion which there is need to review has already occurred and obviously cannot be reversed. As stated, it is highly improbable that another court ordered transfusion will occur with this patient. It is unnecessary for us therefore to review the order of the juvenile court as it pertains to this individual.

We are asked to review generally the propriety of ordering transfusions for mature minors against their will. It can be conceded that such issue may well arise in the future and on that basis an opinion concerning that issue may well be justified. *Morrison v. State*, 252 S.W.2d 97 (Mo.App. 1952) [2]. But here the trial court did not conduct a hearing on that issue, nor on the contention of the juvenile and his parents that transfusion at the time was not necessary, as we believe it should have. We are therefore presented with a record inadequate for us to reach a conclusion on the propriety of the court's order as it pertains to this individual. For us to entertain the appeal solely as a means of expressing an opinion on the generic questions presented places us in the position of giving a general advisory opinion without reference to a specific factual background. This we should decline to do. The appeal is dismissed as moot. Motion to dismiss of the juvenile officer is denied.

AHRENS, J., concurs in majority opinion of SMITH, P.J.

KAROHL, J., concurs in result in separate opinion.

KAROHL, Judge, concurring in the result.

The appeal must be dismissed because there was no final and appealable judgment in the juvenile court. We do not have jurisdiction even to reach the issue of mootness.

The juvenile court never completed the hearing on the juvenile officer's § 211.031 RSMo 1986 petition which initially asked the court to take jurisdiction. On these facts the requirements of finality in §§ 511.020, 512.020 and 211.261 RSMo 1986 are obviously not met. In this case even required preliminary findings were not made on a § 211.031 RSMo 1986 petition.

The dismissal is required because we have no jurisdiction.