Faye Ruth PARIS, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 63118.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 3, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No brief was filed for respondent.

AHRENS, Presiding Judge.

Director of Revenue of the State of Missouri (Director) appeals from the trial court's order granting limited driving privileges to Faye Ruth Paris (Paris). We dismiss the appeal as moot because the time period for Paris' hardship driving privileges has expired.

Paris was arrested for driving while intoxicated. Although the record is not clear, she apparently was convicted of the charge. On August 10, 1992, Paris filed an Application for Hardship Driving Privileges, indicating that on June 19, 1992, she received notice from Director that her driving privileges were being suspended for one year.[1] The prosecuting attorney entered an appearance for Director and waived service on that same day. On October 16, 1992, the trial court granted Paris limited driving privileges. Director appeals.

Director's sole point on appeal is that the trial court erred in determining Paris was eligible to receive hardship driving privileges. Section 302.309 (Supp.1992) sets forth guidelines for granting limited driving privileges to persons who have had their license revoked or suspended. Director argues recent amendments to § 302.-309 prevent Paris from receiving hardship driving privileges, and should have been applied by the trial court in this case.

Section 302.309 RSMo (1986) was amended and the new version became effective on July 1, 1992. Section 302.309.3(5)(i) RSMo (Supp.1992), one of the amendments to the statute, provides that no person is eligible to receive hardship driving privileges if, under § 302.525.2 (Supp.1992), his or her license has been revoked because of one or more prior alcohol related enforcement contacts during the immediately preceding five

years, and he or she has not completed such revocation. The original version of § 302.309 did not require that any period of the revocation be served prior to the issuance of limited driving privileges. Director contends the trial court revoked Paris' driving privileges pursuant to § 302.-525.2, and therefore Paris is not eligible for limited driving privileges throughout the period of revocation. Director argues that even though Paris was arrested prior to July 1, 1992, the statute should be applied retroactively.

Pursuant to the trial court's order, Paris was granted hardship driving privileges through July 5, 1993. Therefore, the time period for the limited driving privileges has now expired.

■ If, pending. an appeal, an event occurs which makes a determination of it unnecessary or renders it impossible for the appellate court to grant appellant effectual relief, the appeal will be dismissed. *Verity v. First City Drink, Inc.,* 800 S.W.2d 796, 797 (Mo.App.1990). Thus, an appeal will be dismissed where, because of a change of conditions or circumstances, the question has become moot. *Id.*

■ Here, Paris' hardship driving privileges have expired. This court cannot grant Director any effectual relief. Director's request that Paris not be granted hardship driving privileges is therefore moot. *See In Interest of W.M.,* 823 S.W.2d 128, 130–31 (Mo.App.1992); *C.M. Brown & Assoc., Inc. v. King,* 680 S.W.2d 365, 366 (Mo.App.1984).

■ We note that where a moot case presents an unsettled legal issue of public interest and importance, this court may decide the issue. *Kracman v. Ozark Elec. Coop., Inc.,* 816 S.W.2d 688, 691 (Mo.App. 1991). Recent Missouri decisions, however, have already addressed the issue of whether the amendments to § 302.309, effective July 1, 1992, should be given retroactive

---

1. On appeal, Director alleges that the trial court revoked, not suspended, Paris' driving privileges. The legal file does not include the trial court's order regarding the sentence imposed upon Paris. The legal file does contain a copy of Paris' driving record, which indicates driving privileges were suspended on June 6, 1992, and revoked on July 5, 1992.

application. The courts have found the amendments to the statute apply retroactively. *See, e.g., Taylor v. Director of Revenue,* 861 S.W.2d 134 (Mo.App.E.D. 1993); *Jones v. Director of Revenue,* 855 S.W.2d 495 (Mo.App.1993); *Buchheit v. Director of Revenue,* 856 S.W.2d 349 (Mo. App.1993).

The appeal is dismissed as moot.

REINHARD and CRIST, JJ., concur.