In re Joyce BROCKMAN, Respondent,

v.

STATE of Missouri, Appellant.

No. WD 54570.

Missouri Court of Appeals,
Western District.

June 9, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Greg A. Perry, Asst. Atty. Gen., Jefferson City, for appellant.

Margaret M. Johnston, Asst. Public Defender, Fulton, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and RIEDERER, JJ.

RIEDERER, Judge.

In September 1987, Respondent Joyce Brockman stabbed her son and set her house on fire. Brockman was charged with armed criminal action, first degree assault and first degree arson. In June, 1988, she was adjudicated not guilty by reason of mental disease or defect on all charges in the Circuit Court of Boone County. As a result of that plea, she was committed to the custody of the Department of Mental Health (DMH) for care and treatment, and she was placed in the Fulton State Hospital.

Brockman applied for conditional release in 1989 in the Callaway County Circuit Court. This application was accompanied by a report of mental condition in which doctors noted that her mental disease or defect was controlled and that she was unlikely to be dangerous to others if she complied with the conditions of the conditional release, including regular medication and doctors' appointments. Conditional release was granted on December 22, 1989, by the Probate Division of the Callaway County Circuit Court. The release allowed her to reside at the Harmony House, a group home in Jefferson City.

On April 8, 1997, Respondent petitioned the Probate Division of the Callaway County Circuit Court to amend her conditional release to allow her to live in an apartment. The State filed an objection to the petition, and simultaneously filed a motion to dismiss on the basis that the probate court did not have jurisdiction to hear the case. The trial court overruled the motion to dismiss, and the State appealed the order to this court. In June 1997, the appeal was dismissed for lack of jurisdiction because the probate court's order was neither final nor otherwise appealable. Respondent then filed another petition to amend her conditional release, and the probate court granted her conditional release on June 20, 1997.

The State timely appealed that order. On appeal, the State contends (1) that the Callaway County Circuit Court, Probate Division, lacked jurisdiction to hear the petition under the 1996 amendments to Section 552.040, RSMo.1996; and (2) that the probate court erred by not dismissing the application for release for lack of jurisdiction because the legislature intended to divest the court's jurisdiction immediately upon the effective date of Section 552.040, RSMo.1996.

While this appeal was pending, the Respondent applied to the sentencing court in Boone County for conditional release, and the application was granted, with the court entering an order identical in all relevant respects to the order in Callaway County, which is the subject of this appeal. On the basis of this Boone County order, the Respondent has filed a motion to dismiss the appeal as moot. We earlier ruled that we would take the motion to dismiss with the case.

### Mootness

If, pending an appeal, an event occurs which makes a determination of the appeal unnecessary or renders it impossible for the appellate court to grant effectual relief, the appeal will be dismissed. *Paris v. Director of Revenue*, 858 S.W.2d 829, 830 (Mo.App.1993). A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment were rendered, would not have any practical effect upon any then existing controversy. *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984). Thus, an appeal will be dismissed where, because of a change of circumstances, the question has become moot. *Paris*, 858 S.W.2d at 830.

Here, events have occurred, pending this appeal, which make a determination of the appeal unnecessary. First, this court held that a probate court was not statutorily authorized to amend a conditional release

granted pursuant to Section 552.040 RSMo. 1996; therefore, the motion to amend the original conditional release was a nullity. *Wibberg v. State*, 957 S.W.2d 504, 508 (Mo. App.1997). Second, the Respondent has applied for conditional release to the Circuit Court of Boone County, and that court has granted the conditional release.

Of course, it is Appellant's position that the Callaway County court order herein is a nullity and that conditional release in this case may be granted only by the circuit court in Boone County. Under *Wibberg*, the motion in the Callaway County court was a nullity, and the Respondent has been granted conditional release by the Boone County court. This is the result the Appellant sought. Thus, rendering judgment in this appeal would not have any practical effect upon the existing controversy. The case is moot, and the appeal should be dismissed.

■ However, where a moot case presents an unsettled legal issue of public interest and importance, this court may decide the issue. *Paris*, 858 S.W.2d at 830. The unsettled legal issue here is when the person seeking conditional release was found NGRI on both dangerous and non-dangerous felonies, which court has jurisdiction over an application for conditional release.

Section 552.040.10, as amended in 1996, reads in pertinent part, as follows:

> The committed person or the head of the facility where the person is committed *may* file an application in the court having probate jurisdiction over the facility where the person is detained for a hearing to determine whether the committed person shall be released conditionally. In the case of a person committed to a mental health facility upon acquittal on the grounds of mental disease or defect excluding responsibility for a dangerous felony as defined in Section 556.061 RSMo, ... any such application *shall* be filed in the court that committed the person. In such cases, jurisdiction over the application for conditional release shall be in the committing court.

Under Section 556.061, arson in the first degree and assault in the first degree are included as dangerous felonies, but armed criminal action is not. Thus, Respondent was charged with and found NGRI on both dangerous and non-dangerous felonies. The statute is clear that, in general, an application for conditional release is to be filed in the court having probate jurisdiction over the facility where the applicant is detained. The statute is equally clear that where the applicant was found NGRI on a dangerous felony, the application for conditional release must be filed with the court that committed the person. The statute is silent about which court has jurisdiction where the applicant was found NGRI on both dangerous and nondangerous felonies.

■ The primary rule of statutory construction is to determine, from the plain meaning of the language used by the legislature what the legislature actually intended. *McCollum v. Director of Revenue*, 906 S.W.2d 368, 369 (Mo. banc 1995). It is clear in Section 552.040.10 that the legislature set out a general rule that an application for conditional release would be filed in the probate court having jurisdiction over the facility where the applicant was detained. The only exception to that rule is the case where the applicant was found NGRI on a dangerous felony, in which case application for conditional release must be filed in the committing court.

■ Since this latter case is stated as an exception to the general rule, we hold that when a person seeking conditional release was found NGRI of both dangerous and non-dangerous felonies, only the committing court has jurisdiction over the application for conditional release.

### Conclusion

The appeal is dismissed as moot.

ELLIS, P.J., and LOWENSTEIN, J., concur.