Shannon E. SMITH, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 83533.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 13, 2004.

Charles Stuart Birmingham, Jefferson City, MO, for appellant.

Gerald H. Johnson, Cape Girardeau, MO, for respondent.

## Introduction

SHERRI B. SULLIVAN, C.J.

The Director of Revenue (Director) appeals from a trial court judgment granting limited driving privileges to Shannon E. Smith (Driver) after the Director revoked his driving privileges because of Driver's driving while intoxicated conviction. We dismiss the appeal as moot.

## Factual and Procedural Background

On June 4, 2003, Driver was convicted of driving while intoxicated in violation of Section 577.010.[1] The underlying citation indicated that Driver "operated a motor vehicle while intoxicated—drugs." The drug used by Driver was marijuana. The trial court also ordered Driver not to operate any motor vehicle unless the vehicle has a properly installed and functioning ignition interlock device. This requirement became effective on June 4, 2003 and expires on June 4, 2005. As a result of Driver's conviction, the Director revoked his driving privileges for one year beginning June 4, 2003, with reinstatement eligibility on June 4, 2004.

Subsequently, pursuant to Section 302.309, Driver filed a Petition for Limited Driving Privileges (Petition) with the trial court alleging that Driver is employed and the nature and hours of his employment require him to be able to operate a motor vehicle to and from work. Driver further alleged that his inability to operate a motor vehicle would result in an undue hardship upon his ability to earn a living.

The Director filed an Answer to the Petition in which the Director maintained that under Section 302.309.3(5)(d), Driver was ineligible for the issuance of hardship driving privileges due to his conviction. The Director attached to her Answer and incorporated by reference a certified copy of Driver's Missouri Driver Record maintained by the Missouri Department of Revenue, which showed Driver's conviction as "drive under influence of drugs" and his license revocation.

The trial court entered a judgment granting Driver limited driving privileges due to hardship under Section 302.309 subject to certain conditions. The judgment included an expiration date for Driver's limited driving privileges as the later of June 4, 2004, or the ending date in the Notice of Loss of Driving Privileges issued to Driver by the Director, or the termination of Driver's probation.[2] The Director appeals from the judgment arguing that the trial court incorrectly interpreted Section 302.309.3(5)(d) in granting Driver limited driving privileges.

## Discussion

■ Driver became eligible for reinstatement of full driving privileges on June 4, 2004. Although the trial court stated in its judgment that the expiration date for Driver's limited driving privileges is the later of June 4, 2004 or the termination of Driver's probation, Section 302.309.3(4) states that the termination date of limited driving privileges "shall be not later than the end of the period of suspension or revocation." Thus, the trial court could not extend Driver's limited driving privileges beyond such date (nor would it make sense to do so because one would not need limited driving privileges if one were eligible for full driving privileges). Accordingly, because Driver was eligible for rein-

---

1. All statutory references are to RSMo 2000, unless otherwise directed.

2. It appears from the record that Driver received two years' supervised probation.

statement of full driving privileges at the time of submission of this case, June 10, 2004, we are not able to grant to the Director effectual relief, and therefore we dismiss the appeal as moot. *See Paris v. Director of Revenue,* 858 S.W.2d 829, 830 (Mo.App. E.D.1993).

■ Although where a moot case presents an unsettled legal issue of public interest and importance, we may decide the issue, *see id.,* we do not choose to exercise such discretion at this time. The statute section at issue has been in effect since 1984, and the legislature is an appropriate place for clarification of or modification to the statute.

The appeal is dismissed as moot.

CLIFFORD H. AHRENS, J., and LAWRENCE G. CRAHAN, J., concur.