**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Gesonia WILLIAMS,
Defendant/Appellant.**

**No. ED 98523.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 17, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 22, 2013.

Evan J. Buchheim, Jefferson City, MO, for Plaintiff/Respondent.

Gwenda R. Robinson, St. Louis, MO, for Defendant/Appellant.

## SHERRI B. SULLIVAN, J.

### Introduction

Gesonia Williams (Appellant) appeals from the trial court's judgment and sentence entered upon a jury verdict finding him guilty of first-degree robbery and first-degree tampering and sentencing him as a prior felony offender to concurrent terms of fifteen years' imprisonment on the robbery conviction and seven years on the tampering conviction. We affirm.

### Factual and Procedural Background

For an incident occurring on December 11, 2010, Appellant was originally charged in the juvenile division of the circuit court. The juvenile officer's first amended petition alleged Appellant committed the offenses of first-degree tampering for unlawfully operating Victim One's automobile, first-degree robbery for stealing the automobile by use of a deadly weapon, unlawful use of weapon for exhibiting in the presence of one or more persons a firearm, and resisting or interfering with a lawful arrest or stop by fleeing from officers. The juvenile officer later filed a motion to dismiss that petition so Appellant could be prosecuted under the general law. The juvenile division held a hearing on the motion to dismiss in February 2011 and entered an order and judgment dismissing the juvenile officer's first amended petition and permitting prosecution of Appellant under the general law finding Appellant was not a proper subject to be dealt with under juvenile law, and that there were no reasonable prospects for rehabilitation with the juvenile justice system.

The State subsequently charged Appellant in the circuit court with one count of first-degree robbery involving Victim One (Count I), one count of attempted first-degree robbery involving Victim Two (Count III), two counts of armed criminal action (ACA) with regard to each of the robbery counts (Counts II and IV), and one count of felony first-degree tampering (Count VI). Appellant filed a motion to dismiss the "new" charges that had not been "certified" by the juvenile division. The motion was denied. A jury trial began on March 26, 2012. On the first day of trial, defense counsel filed a motion to declare Section 211.071,[1] the certification statute for juveniles, unconstitutional and to dismiss the charges. The motion was denied. After a three-day trial, the jury found Appellant guilty of Counts I and VI and acquitted him of Counts II, III and IV. This appeal follows. Additional facts relevant to the points on appeal will be supplemented as necessary.

### Point I—Voir Dire

■ In his first point, Appellant claims the trial court clearly erred and abused its discretion in failing to grant a mistrial when venireperson Ebonie Davis (Davis) stated on voir dire that she knew Appellant because he had been in her facility, in that Davis's comment provided the jury with inflammatory and prejudicial informa-

1. All statutory references are to RSMo 2006, unless otherwise indicated.

tion about Appellant's former incarceration for a prior crime, and thereby tainted the jury, depriving him of a fair trial.

The declaration of a mistrial is a drastic remedy and should be employed only in the most extraordinary circumstances. *State v. Sidebottom*, 753 S.W.2d 915, 919–20 (Mo.banc 1988). The trial court is vested with broad discretion in determining whether a jury panel should be dismissed because of statements made by an individual juror, and its ruling will not be disturbed on appeal absent a clear abuse of discretion. *State v. Evans*, 802 S.W.2d 507, 514 (Mo.banc 1991). Because the trial court hears the manner in which the remarks are delivered, it is obviously in the best position to determine the content and impact of the juror's statements upon the other members of the panel. *State v. Cotton*, 724 S.W.2d 649, 652 (Mo. App.E.D.1986).

During voir dire, the trial court introduced Appellant and his co-defendant to the jury panel and asked whether any of them knew them:

> The Court: Now, ladies and gentlemen, is there anyone here that either knows myself, the attorneys that I've introduced or now I'll introduce the two defendants, [Appellant] and [co-defendant] ... All right. Ma'am, all the way in the back ... What's your name, ma'am?
>
> [Veniremember Davis]: Ebonie Davis.
>
> The Court: And you need to speak loud, because this room is huge, and you really can't hear anything. Ma'am, and who is it that you know?
>
> [Veniremember Davis]: [Appellant].
>
> The Court: And how do you know him?
>
> [Veniremember Davis]: He was in our facility—

> [Defense Counsel]: Your Honor, can we approach?
>
> The Court: Yes, ma'am, could you hold it one second?
>
> [Defense Counsel]: Could we approach?
>
> The Court: Yes. Could I have counsel up here one second?

During the ensuing bench discussion, the following was said:

> The Court: The venireperson identified as Davis, who listed as her employer as [sic] Hogan Street Center, which is a juvenile facility, a detention center, and I believe her answer was going to be that she knows the defendant. Is that correct, [Defense Counsel]?
>
> [Defense Counsel]: That's what I anticipate. She said [Appellant] was at our facility.
>
> The Court: Yes. My inclination is to bring this juror up and instruct her not to answer any more questions. Would you be opposed to that?
>
> [Defense Counsel]: No.
>
> The Court: [Prosecutor]?
>
> [Prosecutor]: No.
>
> The Court: I think it's extremely prejudicial to have her on the panel.
>
> . . .
>
> [Defense Counsel]: And, your Honor, before you finish, I want to ask right now, I will—I'm going to request a mistrial because of what she said, that he was in her facility. I think it makes it look like he was incarcerated. I think that's prejudicial to him. I think the jury has heard it right off the bat. So I'm asking for a mistrial in this cause.
>
> The Court: I'm going to disagree. I think the objection was made quickly enough and her answer was stopped. Facility can mean a variety of—have a variety of meanings. So I'm going to deny your motion at this time....

The court then asked Davis to approach the bench, where she confirmed that she had seen Appellant at the Hogan Street facility. Davis said that she would comply with the court's request that she not answer any more questions during the remainder of jury selection. The court also advised Davis not to discuss or share information with any of the other panel members.

Appellant maintains the trial court should have granted his motion for a mistrial. We find that the trial court acted within its discretion in declining to declare a mistrial. The term "facility" is a vague, general word. There are many different types of facilities. The *Merriam–Webster Dictionary* defines "facility" as "something that is built, installed, or established to serve a particular purpose," i.e., a hospital. See *http://www.merriamwebster.com/dictionary/facility*. Synonyms of the word "facility" include institution, establishment, organization; all equally indistinct words. Further, we do not find there to be a negative connotation to the word "facility." It could be a school, gym, recreation center, clinic, club or church, and as such did not, as Appellant contends, provide the jury with "inflammatory and prejudicial information about his former incarceration for a prior crime." For these reasons, we do not find that Davis's comment could have had such a prejudicial effect on the venire panel as to have deprived Appellant of a fair trial and merited a mistrial and the trial court was well within its discretion to deny same. Point I is denied.

### Points II and III—Juvenile Certification and Proceedings

■ In his second point, Appellant asserts the trial court clearly erred in overruling his motion to dismiss the charges that were not certified by the juvenile court because the State's filing of its indictment, lodging new and different criminal charges that were not certified by the juvenile court, namely Counts II and IV of ACA and Count III of first-degree attempted robbery against Victim Two, deprived Appellant of notice of the charges and the opportunity to be heard on the issue of whether those charges should be dismissed in juvenile court or transferred to a court of general jurisdiction.

In his third point, Appellant contends the trial court clearly erred in overruling his motion to declare Section 211.071 unconstitutional and to dismiss the charges because Section 211.071 violates the juvenile's rights to due process and a jury trial by presuming the allegations to be true and permitting an increase in the punishment for a juvenile without submitting to a jury the statutory factors upon which certification is based.

■ Typically, this Court reviews the trial court's ruling on a motion to dismiss for an abuse of discretion. *State v. Ferdinand*, 371 S.W.3d 844, 850 (Mo.App.W.D. 2012). However, this Court reviews the circuit court's determination of the constitutional validity of a state statute *de novo*. *State v. Wooden*, 388 S.W.3d 522, 525 (Mo. banc 2013). Statutes are presumed constitutional and will be found unconstitutional only if they clearly contravene a constitutional provision. *Id.* The rules applicable to constitutional construction are the same as those applied to statutory construction, except that the former are given a broader construction, due to their more permanent character. *Missouri Prosecuting Attorneys v. Barton County*, 311 S.W.3d 737, 741 (Mo.banc 2010).

The juvenile petition asserted that Appellant had committed four offenses on December 11, 2010, to-wit: first-degree tampering; felony resisting arrest; first-degree robbery, and unlawful use of a weapon.

On December 22, 2010, the juvenile officer filed a motion to dismiss because he found Appellant's acts constituted offenses for which he could be transferred to a court of general jurisdiction and prosecuted. The juvenile court granted the motion and ordered the cause transferred to the circuit court.

After transfer, the State filed an indictment charging Appellant with additional counts that had not been certified by the juvenile court: Count II, ACA; Count III, first-degree attempted robbery; and Count IV, ACA, all stemming from Appellant's actions in the incident occurring on December 11, 2010.[2]

Appellant asserts the new charges were not certified by the juvenile court, and therefore, the juvenile certification did not authorize the prosecution of Appellant for these crimes. He argues that permitting the State's filing of these new and different offenses in a court of general jurisdiction deprived him of notice and an opportunity to be heard on Counts II, III, and IV in juvenile court, resulting in the violation of his constitutional due process rights.

▮▮▮▮▮ Appellant was acquitted of Counts II, III and IV; therefore, the claims he asserts with regard to them are moot. A claim is rendered moot if something occurs that makes a court's decision unnecessary. *State v. Hicks*, 221 S.W.3d 497, 505 (Mo.App.W.D.2007). A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment were rendered, would not have any practical effect upon any then-existing controversy. *Brockman v. State*, 970 S.W.2d 398, 399 (Mo.App.W.D.1998). An appellate court will not consider academic, moot, or abstract questions in criminal cases. *State v. Brock*, 113 S.W.3d 227, 233 (Mo.App.E.D. 2003).

Resolution of Appellant's claim in this point would have no effect on any existing controversy; it would have no consequence because the counts of which he complains were resolved in his favor. See *State v. Howard*, 973 S.W.2d 902, 909 n. 11 (Mo. App. S.D.1998) (court did not reach merits of defendant's argument regarding suppression of evidence because his acquittal of related charge rendered it moot); *Brock*, 113 S.W.3d at 233 (we held defendant's assertion that trial court erred in denying his motion to dismiss Count VI for prosecutorial vindictiveness was moot because he was acquitted of Count VI), and *State v. Jordan*, 751 S.W.2d 68, 74 (Mo. App. E.D.1988) (we held appellant's claim contesting State's opening statement with regard to first-degree robbery charge was of no consequence because jury specifically found him not guilty of that charge, reasoning that "[a] defendant may not complain of trial error committed in his favor").

In any event, although not necessary to the resolution of this point on appeal that we have determined to be moot, we note the merits of this claim have been decided adversely to Appellant's position in the recently-decided case of *State v. Nathan*, 404 S.W.3d 253, 259–60 (Mo.banc 2013) (emphasis in original):

[T]he certification procedure created in section 211.071 pertains to *individuals*, not to specific conduct, crimes or charges. The statute provides, in pertinent part:

1. If a petition alleges that a child between the ages of twelve and seven-

**2.** The charges in the State's substitute information in lieu of indictment reiterated the charges in the indictment.

teen has committed an offense which would be considered a felony if committed by an adult, the court may ... in its discretion, dismiss the petition and *transfer the child to* a court of general jurisdiction for prosecution under the general law.

. . .

9. When a petition has been dismissed thereby permitting a child to be prosecuted under the general law, the jurisdiction of the juvenile court *over that child* is forever terminated, except as provided in subsection 10 of this section, for an act that would be a violation of a state law or municipal ordinance.

. . .

Section 211.071 (emphasis added).

The plain language of these sections demonstrates that the focus in a certification proceeding is on the juvenile, not the conduct alleged in the petition. A petition pursuant to sections 211.031.1(3) and 211.091 serves only to invoke the juvenile court's exclusive jurisdiction by identifying the individual as being younger than 17 years old and alleging that the child has engaged in conduct that would be a crime if committed by an adult. Under the procedure set forth in section 211.071, the juvenile court may dismiss the petition and "transfer the child" to a court of general jurisdiction to be prosecuted under the general law. When that occurs, the "jurisdiction of the juvenile court over that child is forever terminated" unless the child is found not guilty in circuit court. ... If the juvenile court relinquishes its exclusive jurisdiction over a particular child, the state is not bound solely to the

factual allegations raised or the violations of law asserted in the juvenile petition. Instead, the state may bring whatever charges it believes are justified, regardless of whether those charges (or the underlying facts) were included in the juvenile petition.

. . .

The result of the juvenile court's decision to relinquish its exclusive jurisdiction over [juvenile] is that the state was free to bring whatever charges it believed were appropriate based on whatever facts it believed it could prove.

Based on the foregoing, and because Appellant was acquitted of the charges about which he now complains in this point, Point II is dismissed as moot.

 Appellant argues in his third point that the trial court should have granted his motion to declare Section 211.071 unconstitutional as violating the juvenile's rights to due process and a jury trial by permitting an increase in the punishment for a juvenile without submitting to a jury the statutory factors upon which certification is based, but presuming the allegations to be true. As Appellant concedes, this argument has likewise already been determined adversely to him by the Missouri Supreme Court in *State v. Andrews,* 329 S.W.3d 369 (Mo.banc 2010) and again recently in *Nathan,* 404 S.W.3d 253.[3]

In *Andrews,* the appellant challenged the procedure of juvenile certification under Section 211.071 as unconstitutional because it increased his punishment based on facts that had not been submitted to a jury and proven beyond a reasonable doubt. *Id.* at 371. Andrews' challenges were rejected by the Supreme Court, which reasoned that the juvenile division's

---

3. Appellant noted he was requesting review of this assignment of trial court error in case the Missouri Supreme Court's ruling in *Andrews*

was "overturned," presumably by *Nathan.* It was not overturned, but reaffirmed.

consideration of the statutorily defined criteria in determining whether it should retain jurisdiction over a juvenile is not the type of factual determination that was understood to be within the jury's domain by the framers of the Bill of Rights; and, in fact, the determination of those criteria does not increase the statutory maximum punishment the juvenile will face but only determines which court has final jurisdiction over the juvenile. *Id.* at 372–73. The Court noted that the statutory maximum punishment is established by statutes found in the criminal code, not by a juvenile division in a certification proceeding. *Id.* at 373. It is within the jury's province to determine whether the State has proved each element of the offense beyond a reasonable doubt and any relevant and admissible fact that increases the maximum punishment authorized for a particular offense. *Id.* There is no constitutional right to a jury determination respecting the transfer of a juvenile's case to a court of general jurisdiction. *Id.* at 374–75.

Based on the foregoing, Point III is denied.

### Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.