Rhonda MILLER–MORRISON, William F. McClure, Murlin L. McGown and Robert D. Seibert, Plaintiffs–Appellants,

v.

CITY OF AURORA, Missouri, a Municipal Corporation, Ron Henderson, Mayor, Gale Pate, Jr., Ernestine Lawrence, Jack Mayfield and Kay Walker, Members of the Aurora, Missouri, City Council, and Anessa King, City Clerk of the City of Aurora, Missouri, Defendants–Respondents.

No. 22758.

Missouri Court of Appeals, Southern District, Division One.

Sept. 28, 1999.

Emory Melton, Donald L. Cupps, Ellis, Ellis & Cupps, Cassville, for Appellants.

Ryan F. Ricketts, Marionville, for respondents.

Before CROW, P.J., PARRISH and SHRUM, JJ.

PER CURIAM.

This is an appeal of a summary judgment in an injunction action. The action was brought by Rhonda Miller–Morrison, William F. McClure, Murlin L. McGown and Robert D. Seibert (collectively referred to as plaintiffs) as "residents of Lawrence County, Missouri and taxpayers in the City of Aurora, Missouri." Plaintiffs sought to enjoin the city of Aurora, Missouri, its acting mayor, members of its city council and its city clerk from paying attorney fees for representation of Ken Hammer, a former city manager of Aurora, in legal proceedings related to asbestos removal from Aurora's city hall. The named defendants were the city of Aurora, Ron Henderson, mayor, Gale Pate, Ernestine Lawrence, Jack Mayfield and Kay Walker, members of the Aurora City Council, and Anessa King, city clerk (collectively referred to as defendants). The trial court granted summary judgment for defendants. Plaintiffs appeal. The appeal is dismissed as moot for the reason that the fees in question have been fully paid.

The record on appeal is a "statement of the case" filed pursuant to Rule 81.13. It did not include copies of the petition or answer filed in the trial court. This court directed the clerk of the Circuit Court of Lawrence County to provide certified copies of those pleadings. They have been filed as a supplemental record on appeal as permitted by rule 81.12(e).

The genesis of this case was the indictment of former city manager Ken Hammer on federal charges related to asbestos removal from the Aurora city hall building. The record on appeal reveals, "On April 3, 1997, Ken Hammer was indicted on four counts of criminal violations of the Clean Air Act and two counts of lying to investigators by the United States Attorney's Office for the Western District of Missouri." Mr. Hammer retained legal counsel to represent him in that matter.

Ken Hammer's employment as city manager commenced July 7, 1994. It terminated May 13, 1997. On April 8, 1997, the city of Aurora enacted an ordinance "that the City will defend and indemnify ... in any legal proceeding in which they are alleged to have committed acts within the course of their employment, or governmental service, its Councilmen, officers, and employees, in their official and individual capacities, unless and until said Councilmen, officers, employees and volunteer members of boards and commissions are finally adjudicated by a judicial court of last resort to have acted maliciously, or to have acted outside the course and scope of their employment of [sic] service to the City. Further, it is ordained that the Mayor of the City is hereby authorized to pay al [sic] of said costs consistent with this resolution." The ordinance further provided that the city could place a limit on amounts expended pursuant thereto "if it is determined to by the City Council that said costs are excessive."

On October 6, 1997, city council voted to place a cap of $37,687.89 on attorney fees paid on behalf of Mr. Hammer. Mr. Hammer and the city conducted further negotiations that led to an agreement dated June 11, 1998, by which the city agreed to pay as its "total obligation ... no more than $244,000.00." The agreement included a schedule pursuant to which the city would pay amounts agreed upon. This action sought to enjoin defendants from "making any payments of any kind, type or description to Ken Hammer or on Ken Hammer's behalf...." Summary judgment was entered denying the relief plaintiffs sought.

■ Plaintiffs present one point on appeal. They contend "[t]he trial court erred in not enjoining the defendants from making the payments being made ... for services provided to Ken Hammer, because the payments are extra compensation, fee or allowance" to Mr. Hammer attributable to services already performed by him. Plaintiffs assert payment was

prohibited by Article III, § 39(3) of the Missouri Constitution.[1]

Defendants' brief asserts that all payments plaintiffs sought to enjoin have been fully paid; that, therefore, the issue raised in this appeal is moot. At oral argument plaintiffs conceded that payments authorized by the June 11, 1998, agreement—the payments to which the injunction action was directed—had been completed.

■ As explained in *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984):

> A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. *Euclid Terrace Corporation v. Golterman Enterprises, Inc.*, 327 S.W.2d 542, 544 (Mo.App.1959). When an event occurs which renders a decision unnecessary, the appeal will be dismissed. *Fugel v. Becker*, 2 S.W.2d 743, 746 (Mo.banc 1928).

■ "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Duffe v. Zych*, 676 S.W.2d 70, 72 (Mo.App. 1984). *See also Kracman v. Ozark Elec. Co-op., Inc.*, 816 S.W.2d 688, 690 (Mo.App. 1991). *State ex rel. Ashton v. Imel*, 243 Mo. 174, 147 S.W. 992, 993 (1912), suggests that an issue presented on appeal that, if addressed, would result in no grant of relief is "as dead as a last year's bird nest."

■ The payments plaintiffs sought to enjoin have been made. There is nothing to enjoin. The point on appeal is moot. Plaintiffs suggest, nevertheless, that this court should address the issue they have attempted to raise on the basis of an exception explained in *State ex rel. Mo. Pub.*

*Serv. Com'n v. Fraas*, 627 S.W.2d 882 (Mo. App.1981). This court declines.

*Fraas* involved a petition for review of an increase in tariffs approved by the Public Service Commission. New tariffs had been filed after the ones that were challenged had been approved. The court concluded the issue raised was moot because the tariff that was the subject of the appeal had been superceded. The court concluded, however, that an exception to the doctrine of mootness exists "where an issue is presented of a recurring nature, is of general public interest and importance, and will evade appellate review unless the court exercises its discretionary jurisdiction." *Fraas*, 627 S.W.2d at 885. *Fraas* explains:

> The question of whether to exercise this discretionary jurisdiction comes down to whether there is some legal principle at stake not previously ruled as to which a judicial declaration can and should be made for future guidance. If the matter in dispute is simply a question of fact dependent upon the evidence in the particular case, there is no necessity for a declaration of legal principle such as to call the exception into play.

*Id.*

The record on appeal does not disclose a controversy that decries judicial declaration for future guidance. The controversy that produced the litigation that is the basis of this appeal is one dependent upon the particular evidence involved. The appeal is dismissed.

---

1. Article III, § 39, states:

    The general assembly shall not have power:

    . . .

    (3) To grant or to authorize any county or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant or contractor after service has been rendered or a contract has been entered into and performed in whole or in part; . . . .